PAULINE ELENZ v. THOMAS CONRAD, Appellant.

Highways:   DUTY TO TURN ASIDE.   One driving along a highway
1    is not bound to yield any portion of the road to let another
      pass; it is only to avoid a collision reasonably to be appre-
      hended that he is required to turn aside.

Negligence:   INSTRUCTION.   In an action for damages resulting
2    from defendant's negligence in passing plaintiff on a highway,
      liability is the same whether plaintiff's team was standing
      still or moving, and an instruction submitting the issue of
      negligence on the theory that the team was not moving,
      though unsupported by the evidence, was not prejudicial
      error.

*Appeal from Dubuque District Court.*—HON. M. C. MAT-
THEWS, Judge.

SATURDAY, APRIL 9, 1904.

JUDGMENT for damages.   See 115 Iowa, 183.   The de-
fendant appeals.—*Affirmed.*

*Husted & Michel* for appellant.

*Matthews & Frantzen* for appellee.

LADD, J.—No evidence concerning the happening of the
accident other than that of plaintiff and her husband was in-
troduced.   Both testified that they left Dyersville for home
in the afternoon on January 6, 1899, shortly
after 4 o'clock, in a light wagon drawn by two
horses, and that when out about a mile, and about one hun-
dred feet beyond the first bridge, the team was stopped, and
he stepped back of the seat to cover some groceries and a leak-
ing·kerosene can.   Both then  heard a wagon  approaching
rapidly from the rear, and he immediately resumed his seat,
and drove on across the second bride, and some thirty or
forty feet beyond, where he attempted to turn out, but before
this could be done a team and wagon passed them, and in so

doing the hind wheel of the wagon struck their wagon and up-
set it. Precisely when plaintiff's husband first saw the team
is not certain, but seems to have been when he was on the
bridge, for he then looked back and saw the horses coming
"as hard as they could run." On cross-examination he testi-
fied he saw the team when three hundred feet back. This
must have been after he had started on, for he was driving
at a gait of less than four miles per hour and the other team
was running. At any rate, the horses in the rear were being
driven by defendant, as they claim, and there is nothing to
indicate that he had lost control of them. This being true,
the plaintiff and her husband, as they had the way, had the
right to assume that the speed would be checked before pas-
sing them, or at least this would be done without molesting
them in the free use of the highway. Certainly they were not
bound to go to one side of the road when they first heard the
wagon, and wait for defendant to drive past. One is not re-
quired to yield any portion of the road being used in order
to let another pass him. Thompson Com. on Negligence, sec-
tion 1290. Only to avoid a collision reasonably to be appre-
hended is he bound to turn to one side. For all that ap-
pears, there was plenty of room for defendant to have gone by
without interfering with anyone, and plaintiff's husband had
no reason to suppose he would not do so. The record conclu-
sively exculpates her from any charge of negligence. Her
husband attempted to turn to one side as soon as possible af-
ter crossing the bridge, and prior to that time there was no
ground to apprehend this would be necessary to avoid injury.
As it conclusively appears that plaintiff was free from negli-
gence, imputable or otherwise, the inaccuracies in the in-
structions on this issue were without prejudice.

II. There was no evidence whatever that plaintiff's
team was stopping at the time of the collision. Nevertheless,
the court, in the thirteenth paragraph of the charge, stated
2. NEGLIGENCE: abstractly the law applicable to such a case,
   instruction. which did not differ from that defining the du-
ties of a traveler by vehicle in attempting to pass another

when in motion. But this did not involve the submission of an issue not raised to the jury. True, in the twentieth instruction the court mentioned the stopping of the team, and that it was overtaken by defendant, but, in speaking of passing, did not indicate whether the team was stopping or moving. As in either event the duty of the defendant was precisely the same, the defendant could not have been prejudiced by these instructions. So far as the question of his negligence is concerned, it was immaterial whether plaintiff's team had stopped or was moving at the time of the collision. As to him the issue was not other than raised by the pleadings and evidence. The discrepancy in the statement of facts could have made no difference. If he failed to exercise ordinary care in driving past Elenz's wagon, whether standing or moving, he is liable.

The verdict ought not to be declared excessive, and the judgment is AFFIRMED.