SAHMS *v.* MARCUS.

1. NEGLIGENCE — MOTOR VEHICLES — EXCESSIVE SPEED — RECKLESS DRIVING.

Testimony that defendant was exceeding the speed limit of 35 miles an hour and was driving in a reckless and negligent manner when he struck and killed plaintiff's decedent, who was stooping to pick up his wife's hat, after stopping his car and crossing the pavement for said purpose, was sufficient to justify the jury in finding defendant guilty of negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Where there was testimony that decedent looked both ways before starting to cross the pavement, it may not be said that he was guilty of contributory negligence as matter of law.

3. SAME—TEMPORARY STOP IS NOT "PARKING" CAR WITHIN MEANING OF STATUTE.

One who temporarily stops his car on the pavement for a necessary reason is not guilty of parking his car in violation of Act No. 96, Pub. Acts 1923, and therefore may not be deemed guilty of contributory negligence for so doing.

4. SAME—CONTRIBUTORY NEGLIGENCE—ORDINARY CARE.

Whether plaintiff's decedent, who stopped his car on the pavement, crossed to the other side, and was struck and killed by defendant's automobile while he was stooping to pick up his wife's hat, used such care as an ordinarily careful man would, *held*, under all the circumstances, a question for the jury.

5. DEATH—DAMAGES—EXCESSIVE VERDICT.

A verdict for $4,595.21 for the death of a man 67 years of age, who was in good health, with a life expectancy of 10 years, and who was earning $35 a week, cannot be said to be excessive.

[1]Motor Vehicles, 28 Cyc. p. 47; [2]Death, 17 C. J. § 180; Motor Vehicles, 28 Cyc. p. 49; [3]Id., 28 Cyc. p. 31 (Anno); [4]Death, 17 C. J. § 180; Motor Vehicles, 28 Cyc. p. 49; 14 A. L. R. 1176; 2 R. C. L. 1186; 1 R. C. L. Supp. 724; 4 R. C. L. Supp. 146; 6 R. C. L. Supp. 130; [5]Death, 17 C. J. § 235; L. R. A. 1916C, 820; 8 R. C. L. 673; 2 R. C. L. Supp. 673; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

6. TRIAL—INSTRUCTIONS—REFUSING REQUESTED INSTRUCTIONS NOT
ERROR WHERE COVERED IN CHARGE GIVEN.

> Where the charge of the court was full and fair and
> covered all of the requests to charge that should have
> been given, there was no error in refusing to charge as
> requested.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 14, 1927. (Docket No. 105.) Decided July 29, 1927.

Case by Minnie Sahms, administratrix of the estate of John Sahms, deceased, against Nathan Marcus for the negligent killing of her husband. Judgment for plaintiff, defendant brings error. Affirmed.

*Jackson, Fitzgerald & Dalm,* for appellant.

*Charles H. Farrell,* for appellee.

BIRD, J. John Sahms and his wife were riding north on M-13 in the early afternoon of August 27, 1925. They resided at Cooper Center, a short distance north of Kalamazoo. When they were nearing home Mrs. Sahms' hat blew off. Mr. Sahms stopped the car and backed it on the east side of the pavement to a point opposite the hat. He then alighted, passed around the north end of his car, and proceeded to cross to the west side of the pavement where the hat was lying. Just as he was in the act of reaching down to get the hat, defendant, coming in a Hudson car from the south, ran into him, throwing him through the air a distance of 64 feet, thereby injuring him so badly that he lived only about 6 hours. His widow, as administratrix, brings this suit to recover damages for his estate. The trial resulted in a verdict for plaintiff, and defendant assigns error.

1. There is not much to be said upon the question of

---

[6]Motor Vehicles, 28 Cyc. p. 49; Trial, 38 Cyc. p. 1711.

defendant's negligence.     There was proof that he was exceeding the speed limit of 35 miles an hour, and there was proof that he was driving in a reckless and negligent manner.     The testimony shows that, after the defendant struck plaintiff, in an attempt to stop the car, he ran into and cut off a cedar mail box post, five inches in diameter.     From that point he ran through several feet of loose sand and finally up onto a sandy bank and down again before he succeeded in stopping the car.     The testimony was such that the jury was justified in finding him guilty of the negligence charged in the declaration.

2. Defendant argues that the deceased was guilty of contributory negligence, as a matter of law, in starting across the pavement without looking up and down to see if any cars were approaching; his claim being that he hit the deceased as he stepped around the north end of his car.     Mrs. Sahms testified positively that he did look both ways after passing around the north end of the car and before he started across the pavement.     She sat in the rear seat of the car, in full view of his movements.     She says deceased was struck on the west side of the pavement.     In this she was corroborated by a farmer living close by who saw the accident.     The trial court properly submitted the question to the jury.

3. The point is made that the deceased was guilty of contributory negligence in parking his car on the pavement, in violation of Act No. 96, Pub. Acts 1923. That act provides:

"It shall be unlawful to park a vehicle on the beaten track or paved surface of any highway outside the limits of any village or city."

We are of the opinion that counsel are in error in assuming that the deceased was parking his car on the pavement, within the meaning of this statute.     The deceased stopped his car for a moment to recover his

wife's hat.    There is a difference between stopping and parking.    The general purpose of the statute appears to be aimed at dead vehicles, *i. e.*, vehicles that are unable to move under their own power and are left standing on the pavement.    It is also aimed at live vehicles that are able to move under their own power but are left standing on the pavement without watchman or caretaker, and also to vehicles that are able to move but are standing on the pavement to serve some purpose of the occupant or occupants.    We think the idea of the legislature was to keep the improved highways open for travel and free from nonmoving vehicles.    This purpose would not prohibit a temporary stop for a necessary reason.    See 1 Blashfield's Cyc. of Automobile Law, p. 558.

But, if we concede that the deceased was parking his car, we think the point of counsel is a doubtful one.    The car was stopped on the east side of the pavement.    The pavement was 20 feet wide.    The deceased was run into and injured on the west side of the pavement, at least 12 or 15 feet from his car. If the car were parked on the east side of the pavement in violation of the statute, it was not the proximate cause of the injury on the west side of the pavement.    Had the deceased been in the car when injured the question would have arisen which counsel have discussed.    At all events, it was a question for the jury to determine, under all the circumstances, whether deceased used such care as an ordinarily careful man would have used.

4. The claim is made that the verdict is excessive. The verdict was $4,595.21.    Mr. Sahms was 67 years of age, and had been employed for some time as a janitor at $35 per week.    The proofs show that he was in reasonably good health and that he had an expectancy of 10 years.    Under this showing, we think the verdict should not be disturbed.

5. Much complaint is made of the charge of the court as given, and the refusal to charge as requested. Some of the requests should not have been given. The others were well covered by the general charge. The charge as given was full and fair, and properly gave to the jury the law which should guide them in the consideration of the case. There was no reversible error in this respect.

The judgment is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.