REID *v.* COON.

NEGLIGENCE—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

> In an action for personal injuries caused by plaintiff's milk wagon being struck by defendant's automobile when plaintiff stopped his wagon on the street with the intention of getting out and going around some trucks parked in front of him to see when he could get a load of milk, but before he could do so his wagon was struck and he was injured, an instruction that he was parking on the street within the meaning of the motor vehicle law and was therefore guilty of negligence, but leaving to the jury to determine whether said negligence contributed to the injury, *held*, as favorable to defendant as he was entitled to.

Error to Wayne; Carr (Leland W.), J., presiding. Submitted April 5, 1928.     (Docket No. 33, Calendar No. 33,540.)     Decided June 4, 1928.

Case by John Reid, an infant, by his next friend, against Frank M. Coon for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Vandeveer & Vandeveer*, for appellant.

*L. J. Carey*, for appellee.

POTTER, J.     Plaintiff, by his next friend, sued Frank M. Coon and Elizabeth Coon, his wife, to recover damages for injuries alleged to have been sustained by being struck by defendant's automobile.     Plaintiff was driving a milk wagon, distributing milk for the Risdon Creamery Company of Detroit.     At the time the accident occurred, about 12 o'clock midnight, plaintiff was going toward the city on Grand River avenue.

The street car tracks were being moved from the north side to the center of the street. Plaintiff had proper lights on his vehicle. He was traveling on the south side of the street. Trucks of the creamery company were standing on the south side of the street. Plaintiff testified he stopped his horse about five or six feet in front of the truck parked on the highway, to get out of the wagon to see how many were ahead of him to get milk. Around the rear of these trucks were three wagons lined up getting milk, and that is what plaintiff intended to do. As he drove up and stopped, it was his intention to get out of the wagon, but before he did so there was a crash, the wagon being struck by defendant's automobile. The wagon came over on top of plaintiff and he was injured. The automobile which struck plaintiff's milk wagon and caused his injuries was being driven by Mrs. Coon, at from 40 to 50 miles an hour, without adequate brakes. There was proof she was intoxicated at the time. There was and is no question about defendant's negligence. The trial court charged the jury plaintiff was parking his milk wagon at the time and place of injury, within the meaning of the motor vehicle law, and was guilty of negligence in so doing, but he left to the jury the determination of whether plaintiff's negligence contributed to his injury. The jury, under the trial court's instruction, found it did not do so. The only meritorious question is whether the court erred in not directing a verdict for defendant and in submitting the case to the jury. The trial court gave defendant the benefit of the doubt, and charged that plaintiff was parking on the street at the time the injury occurred. Plaintiff brought his horse and vehicle to a stop to get out and see when he could go around the rear of these trucks to get his load of milk. The charge of the trial court was as favorable to defendant as he was entitled to. *Elenz* v. *Conrad,* 123 Iowa, 522 (99 N. W. 138);

*Sahms* v. *Marcus*, 239 Mich. 682. There was proof that an accident would have occurred though plaintiff had not stopped his horse and wagon. The question whether his stopping contributed to his injury was left to the jury under appropriate instructions. It determined that plaintiff's stopping his horse and wagon did not contribute to his injury. We think the question was for the jury, and its finding was within the evidence. It will not be disturbed.

Judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.