## LeROY KNUTSON v. FARMERS CO-OPERATIVE CREAMERY OF JENKINS.[1]

April 11, 1930.

No. 27,841.

[1]Reported in 230 N. W. 270.

*Daniel DeLury,* for appellant.

*Ryan, Ryan & Ryan,* for respondent.

HOLT, J.

Plaintiff received bodily injuries and his automobile was wrecked when he ran into defendant's truck alleged to have been so negligently parked in the public highway that there was less space than 15 feet of the traveled portion of the road whereon to pass it and was without any of its lights lit although it remained in that position more than one-half hour after sunset. He recovered a verdict, and defendant appeals from the order denying its motion for a new trial.

At the foot of a long hill on the tarviated road leading into Jenkins, Minnesota, from the west, at about three o'clock in the afternoon of December 18, 1928, the driver of the truck had to stop because of a flat tire. The truck was heavily loaded with four-foot cordwood piled end to end in two rows so that the load was eight feet wide. Some repairs to the rim were needed before the tire could be put on, so that the truck remained where parked, without tail light or other lights until after the accident. Plaintiff contended that more than 30 minutes after sunset, which on that day occurred at 4:32, as he was driving down this hill, he was unable to discover the truck until so near that, although a quick turn to the left was made, the car crashed into the corner of the load, with the disastrous result mentioned. The answer denied defendant's negligence and alleged contributory negligence of plaintiff. There was a sharp conflict in the evidence as to when the accident happened, defendant's witnesses placing it as early as 4:55, and plaintiff's later than 5:10, so it was for the jury to determine whether the statute as to tail light was violated. There is like conflict as to how the truck was parked, and it became a jury question

whether less than 15 feet of the traveled road was left for other vehicles to pass the truck. And then it remained for the jury to determine, if the statute in either or both respects was violated, whether such violation was the proximate cause of the injury and damage to plaintiff. No useful end can be served by reciting more of the testimony of either party. It has been attentively read and the conclusion reached that the jury's verdict finding defendant negligent cannot be disturbed in this court.

We are also of the opinion that the defense of contributory negligence was for the jury. The contributory negligence pleaded was that plaintiff drove his car carelessly and at excessive speed. It was not claimed that his headlights did not conform to the statutory requirements. And in fact no point or argument is found in defendant's brief to the effect that contributory negligence appears as a matter of law in this record; hence nothing further need be said on that subject.

Complaint is made because of the exclusion of testimony relating to plaintiff's use of intoxicants at other times. No restriction was placed on the cross-examination of plaintiff in respect to his having partaken of intoxicants on the day of the accident. No question was asked concerning his habitual use of liquor. A witness for defendant who had met plaintiff about once a month for two years was asked this question: "Did you ever notice his characteristic with reference to intoxication?" On objection being made the court inquired whether the answer would relate to or about the time of the accident, and on counsel for defense stating that it would not relate to that day, the objection was sustained. That the ruling was correct needs no discussion.

The highway consisted of a tarviated roadway 20 to 22 feet in width on either side of which were graveled shoulders three to three and a half feet wide. It was a blustery day with a couple of inches of snow on the shoulders. The snow had blown off the tarvia driveway. The statute, 1 Mason, 1927, § 2720-24 (a), reads:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled

portion of any highway, outside of a municipality, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person leave standing any vehicle, upon any highway unless a clear and unobstructed width of not less than 15 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

The court incorporated the quoted statute, except the last clause, in the charge, and then at its close, at request of plaintiff, stated to the jury in substance that the free passage of 15 feet opposite the truck means 15 feet of the tarviated portion of the highway. We regard that a proper construction of the statute, and the assignment of error thereon is not sustained.

The order is affirmed.

