## LORNA R. WARD v. F. J. BANDEL.[1]

June 20, 1930.

No. 27,981.

[1]Reported in 231 N. W. 244.

*Howard P. Quealy* and *Edward P. Kelly,* for appellant.
*Victor E. Anderson,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order denying her motion for a new trial.

The action is one to recover damages for personal injury. The jury returned a verdict for defendant.

The accident happened on the evening of December 13, 1928, on a paved trunk highway in Dakota county. Defendant was driving a small truck on which was a cattle rack for transporting livestock. This rack was 88 inches wide and extended a foot or more outside of the wheels of the truck on each side. He parked his truck on his right side of the road so that the left wheels were either partly on and partly off the edge of the pavement or were a foot or more in on the pavement. The rack on the truck concededly extended at least a foot in on the pavement. The pavement was 18 feet wide. The plaintiff was riding with her husband, her sister, and a small child in an inclosed Ford coupé having but one seat. The husband was driving. It was a dark, foggy and drizzly evening. The Ford coupé approached defendant's truck, so parked, from the rear, and the right side of the coupé collided with the left edge of the cattle rack on the truck. Plaintiff was severely injured.

1. There is ample evidence to sustain a finding that defendant was negligent. The accident happened more than half an hour after sunset, at a time when lights were required to be used. Whether the truck had a rear light burning, as required by L. 1927, p. 563, c. 412, § 54 [1 Mason, 1927, § 2720-54], and whether it was parked partly on the pavement when it was practicable to park entirely off the pavement, so as to violate § 24 [1 Mason, 1927, § 2720-24] of the same chapter, were questions of fact for the jury.

The trial court submitted to the jury the question of contributory negligence. There was evidence tending to show that the coupé in

which plaintiff was riding was equipped with defective and inefficient headlights which did not comply with the statute and did not give sufficient light on the roadway. There is some evidence that only one headlight was burning. The three adult occupants of the coupé all testified that, although looking ahead, they did not see the parked truck until immediately before the collision. There is evidence tending to show that plaintiff was familiar with the car and its operation, had driven it at times when accompanied by her husband, and knew its condition. There is evidence tending to show that the defective condition of the headlights was not of very recent origin. It was a dark, foggy night, and the condition of the light thrown by the car would be at once apparent to one riding therein. We cannot say that the court erred in submitting the question to the jury.

The instructions of the court submitting the question of contributory negligence to the jury are challenged as erroneous. The court properly instructed that the plaintiff could not be charged with any negligence of the husband unless she participated therein. The main charge on the subject reads as follows:

"Defendant claims that even if he was negligent still that plaintiff herself was negligent and that her negligence concurred in causing her injuries. The law requires her to exercise reasonable care for her own safety; that is, such care as ordinarily prudent persons usually exercise under the same or similar circumstances. A failure on her part to exercise such care will defeat her right to recover. Her husband was driving the car at the time she was injured, at the time the collision took place. She naturally had a certain amount of trust in his judgment and relied to some extent upon his exercising due care to avoid accidents. She was entitled to put such reliance upon his judgment and upon his care, his method of driving the car, as ordinarily prudent persons acting under the same or similar circumstances would have put.

"Even though he may have been negligent in the manner he drove the car, the care he exercised, the part of the road he drove upon, the manner in which he maintained the lights, still she cannot be

charged with negligence unless she participated in his negligence in some manner; that is, if she knew that he was an incompetent driver, that he was driving carelessly or without proper lights or was not watching the road, or failed to see defendant's car upon the road, then it was her duty to warn him or to take such steps as ordinarily prudent persons acting under the same or similar circumstances would take, and a failure on her part to take such steps is negligence, and if, then, her negligence contributed in any material degree to the accident and to her injuries, then she cannot recover. In that case your verdict must be for the defendant."

The first paragraph of this charge is, we think, accurate and proper. The second paragraph is to some extent inaccurate. To say that "if she knew that he was an incompetent driver, that he was driving carelessly or without proper lights or was not watching the road, or failed to see defendant's car upon the road, then it was her duty to warn him or to take such steps as ordinarily prudent persons acting under the same or similar circumstances would take, and a failure on her part to take such steps is negligence," includes some elements as to facts for which the evidence does not show a sufficient basis. The statement however is largely tentative and hypothetical. No exception thereto was taken, and the court's attention was not called to any inaccuracy therein at the time. If this statement stood alone on the issue a reversal might follow. But after the jurors had been out for some hours they returned into court and reported that they did not understand the charge as to contributory negligence. Thereupon the entire charge on that issue was read to them and, at the request of a juror, the second paragraph again read. The court then said to the jury:

The Court: "Perhaps, I can help you by restating it. She must do just whatever a reasonably prudent person would do under the circumstances; that is, under the same or similar circumstances. She is required to do neither more nor less. Does that help you?

A Juror (Mr. Priebe): "That helps me lots.

The. Court: "That is the whole thing in a nutshell. She must do what a reasonably prudent person, that is, an ordinarily prudent person, would do under the same or similar circumstances. That is the whole thing in a nutshell. All right. You may now retire."

This, in connection with the general charge on the subject, placed the issue clearly before the jury. The jurors must have understood that they could not charge plaintiff with any negligence of her husband unless they found that she participated therein, and that they could not hold her negligent in any event unless they found that she failed to exercise ordinary care for her own safety. Taking the charge on the issue as a whole, including the final instructions given, we fail to find prejudicial error.

■ Error is assigned upon the admission of testimony by the defendant of a conversation had with plaintiff's husband at the place of the accident but after plaintiff had been taken away. The testimony was that Mr. Ward said something about the fog and that he had not been able to see more than 15 or 20 feet ahead while driving. Indirectly this might have some reference to the lights on the car; but, taken in connection with the testimony of Mr. Ward and the two ladies with him in the car, that they could not or did not see the truck in front of them even when within 20 feet, it was not prejudicial.

■ Under the rule governing review by this court, there is evidence sufficient to sustain the verdict, and we find no reversible errors.

Order affirmed.

WILSON, C. J. and DIBELL, J. (dissenting).

The question of sufficiency of evidence as to contributory negligence is so close that we think the charge was of such a character that it may have influenced the jury and that a new trial should be had.