## ROBERT A. AND ELIZABETH BALL v. HUGO GESSNER.[1]

December 31, 1931.

Nos. 28,602, 28,603, 28,604.

[1]Reported in 240 N. W. 100.

*Ernest E. Watson* and *C. E. Warner,* for appellant.
*Victor E. Johnson* and *William T. Johnson,* for respondents.

HOLT, J.

About seven o'clock on a February evening in 1930, Elizabeth Ball, the wife of Robert A. Ball, driving the latter's automobile and accompanied by their three-year old boy, went off the highway in at-

tempting to pass defendant's truck, claimed to have been negligently driven, operated, and parked in violation of law and without due regard to the safety of others. The automobile was damaged and the occupants thereof injured. Separate suits were brought by the husband, by the wife, and by the minor by his father. All the actions were tried to one jury, which rendered separate verdicts: $200 for Mr. Ball, $600 for his wife, and $700 for the boy. Motions in the alternative for judgment notwithstanding the verdict or a new trial were denied. And from the orders denying the motions defendant appeals. The cases here are submitted on the one record and briefs.

The chief contentions of defendant are that no actionable negligence was proved against defendant and that Mrs. Ball, the driver of the automobile, was guilty of negligence which was the sole cause or, in any event, the contributory cause of the damage and injuries sustained; hence that the court erred in not ordering judgments notwithstanding the verdicts.

No minute description of an automobile accident nor a detailed recital of conflicting evidence would serve bench or bar. Suffice it to say that the highway upon which plaintiff was driving was 21 or 22 feet wide with no shoulders, the ditch of two feet or more in depth coming clear up to the traveled part. There was snow on the ground, and a snowplow had passed over the road during the day shoving the snow into the ditches and leveling it off so as to give the ditches the appearance of being part of the traveled roadway. The jury could find that defendant had driven his cattle truck into a roadway leading into a farmyard, and, after transacting some business with the farmer, backed it out on the highway, parking it thereon some 60 feet from the roadway mentioned while holding a ten-minute conversation with the farmer; that the truck, a few inches over seven feet in width, was a foot or so over the center line of the highway; that when so parked there was less than 15 feet free space between it and the ditch to its left for the passage of other vehicles; that no emergency existed for so parking; and that the near-by farm roadway offered a convenient and safe

place to park. The jury could also find that Mrs. Ball used due care, being justified in believing that defendant had left 15 feet free room for her to pass and was not encroaching on her side of the road, and that she with due care was unable to discover that it was otherwise owing to the deceptive appearances created by the snow-plow. The jury was not compelled to accept the testimony of defendant and his witnesses as true that he had parked so that he was not within several feet of the center, and that he had already started his truck when Mrs. Ball came along at excessive speed and in passing drove needlessly many feet away from the truck, thereby sliding the right wheels of her car into the ditch and against the trees. A reading of the testimony satisfies us that the negligence of defendant, as well as the contributory negligence of Mrs. Ball, were jury issues; hence the court did not err in denying judgments notwithstanding the verdicts.

The exceptions to the reception of certain evidence are without merit. Mrs. Ball and the boy were taken at once into the house of the farmer mentioned, who was within a few feet of the accident. Over objection Mrs. Ball was permitted to state that the boy said he could not see her and that his neck and back hurt him. This was so near the accident as to be a part of the res gestae and in the nature of an exclamation indicating injury by one so young that other evidence of his experience could not be obtained. A doctor called to attend the injured parties that night testified that an injury such as he diagnosed the boy's to be would produce temporary blindness. We also think a mother continually in the presence of the child was qualified to testify as to the duration of the disability following the injury. Nor was there error in permitting Mrs. Ball to state that when undertaking to pass defendant's truck she "believed it was far enough over" to give her room to pass.

Error is based upon the court's reading certain parts of the uniform highway traffic act and permitting the jury to determine whether violation of its provision proximately caused or contributed to the accident. The assignments of error are particularly directed

to the reading of 1 Mason, 1927, § 2720-3(a), (b), and § 2720-24. The first section provides:

"(a)  No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property.

"(b)  Any person who drives any vehicle upon a highway in wilful and wanton disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person shall be guilty of a gross misdemeanor."

The court changed the phraseology of (b) by saying, "no person shall drive," etc. omitting the last seven words of the subdivision.

The evidence was such, both as to Mrs. Ball's and defendant's conduct with respect to the motor vehicle of which each had the control at the time of the accident, that it was quite appropriate to acquaint the jury with the first part of the section quoted—it expresses no more than the common law rule of negligence in the use of a highway.  It is safe to say that the jury did not consider either driver guilty of wilful and wanton negligence, and it is unbelievable that the reading of part of (b) of the section could have prejudiced either party.  The court, after stating various provisions of the uniform highway traffic act relating to driving or stopping vehicles upon highways, told the jury that if either driver in the instant case violated the statutory regulations, that in itself would constitute negligence.  So the plaintiffs were not placed in any better position than defendant in regard to statutory transgression.

The court also instructed that another provision of the statute "is that no person shall park or leave standing any vehicle, whether attended or unattended, upon the improved or main traveled portion of any highway outside of a municipality, when it is practicable to park or leave such vehicle standing off of the main traveled portion of the improved or main traveled portion of such highway; provided, in no event shall any person leave standing any vehicle upon any highway unless a clear and unobstructed width of not less than 15 feet upon the main traveled portion of said high-

way opposite such standing vehicle shall be left free for passage of other vehicles thereon."

The above is not in the exact words of 1 Mason, 1927, § 2720-24, but accurate enough as applicable to this case. The point made by defendant is that the proviso was inapplicable to this highway at the place where the accident happened because the roadway was only 21 or 22 feet between the ditches; that the truck could not be driven or stand nearer than a foot from the ditch slope, and, being a few inches over seven feet wide, it was impossible to comply with the law and leave a free space of 15 feet for the passage of other vehicles. Defendant overlooks the fact that the jury could readily find that he had had his truck on a farm entrance a few feet from where he parked it when the accident happened. So it was practicable to park it elsewhere than on the highway. Section 2720-24 cannot be said to require the impossible, for by subd. (c) subd. (a) does not apply where a vehicle becomes disabled so that it is impossible to avoid stopping and temporarily leaving it in a forbidden position. This truck was not disabled. The parking was to carry on a conversation, which for aught that appears could have been concluded while the truck was in the farmyard. The record here discloses no occasion for holding subd. (a) of said § 2720-24 unreasonable and void, modified as it is by subd. (c).

We have been referred to no decision, and have found none, construing this section of the uniform highway traffic act in other states where it is in force. In Knutson v. Farmers Co-op. Creamery, 180 Minn. 116, 230 N. W. 270; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776; Ward v. Bandel, 181 Minn. 32, 231 N. W. 244, this section was involved, but no contention was made concerning its unreasonableness as applied to a highway of so narrow width that a truck of this sort could not stop upon the traveled portion of the roadway in a position to leave 15 feet on its left free for the passage of other vehicles. Counsel for defendant cite Sahms v. Marcus, 239 Mich. 682, 214 N. W. 969; Colvin v. Auto Interurban Co. 132 Wash. 591, 232 P. 365; but neither is bottomed upon the provisions of any highway traffic act similar to the section here assailed.

In view of the modest verdicts, the claim that passion and prejudice actuated the jury is without foundation. The court correctly stated the rule as to the evidence. required to recover for lasting or permanent injury. In the order denying a new trial the memorandum indicates the view that the evidence did not justify the submission of permanent effects from the accident, but the conclusion was that the verdict in behalf of Mrs. Ball is so small as to demonstrate that no lasting or permanent injuries were found by the jury. We concur in that conclusion.

The orders are affirmed.

