MARTHA JEAN FLEENOR v. R. L. ROWLEY.[1]

October 23, 1936.

No. 30,893.

*Orr, Stark & Kidder* and *Daniel P. Kennedy,* for appellant.
*A. M. Gunn,* for respondent.

LORING, JUSTICE.

Appeal from a judgment for the plaintiff in an automobile collision case. A motion for judgment notwithstanding the verdict was denied.

Plaintiff's ward was injured while she was riding in a motorcar driven by her father on one of the most heavily traveled paved highways of this state. The father testified that while he saw defendant's car at least 600 feet ahead headed in the same direction he was going, he did not realize until within 50 feet of it that defendant's car was stopped. Another car was approaching from the

[1]Reported in 269 N. W. 370.

opposite direction so that the father could not turn his car to the left and thus avoid a collision. He testified that he was afraid to turn onto the shoulder. A collision with defendant's car resulted in which the ward was hurt.

■ Defendant contends that he did not stop, but there is credible testimony that he did. The statutes are plain. When it is practicable to park on the shoulder as it was here, a driver is forbidden to park on the main traveled part of the highway. 1 Mason Minn. St. 1927, § 2720-24. Even a momentary stop is a violation of the law. It may be dangerous to make a brief stop on the main portion of even an unfrequently traveled road. Evidently the legislature so regarded it. 1 Mason Minn. St. 1927, § 2720-17, prohibits stopping on the highway without ascertaining that it can be done with safety. It was a question for the jury whether defendant violated these statutes enacted for the benefit of other travelers on the highway.

■ On the question of proximate cause the case is to be distinguished from Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, where plaintiff was injured when the car in which he was riding passed a standing car in the immediate wake of another car and took to the ditch to avoid a collision with a vehicle coming from the opposite direction. There the fact that the defendant's car was standing instead of moving decreased the hazard. Other cases cited by appellant are easily distinguishable. In our opinion, the stopping of defendant's car might well have been found by the jury to be a material factor in causing the collision and the proximate cause thereof.

Affirmed.