### WALTER W. AMES v. ROBERT H. CRAMER.[1]

May 28, 1937.

No. 31,059.

[1]Reported in 273 N. W. 361.

*Ballou & Ballou* and *McCune & McCune,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll* and *Leo J. Seifert,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the order denying his motion for a new trial after a verdict for defendant.

Shortly after six o'clock in the afternoon of June 21, 1935, a Chevrolet sedan, being driven south by plaintiff on a well graveled country highway, and a Ford car, driven west by defendant on the Jackson highway, collided in the right-angle intersection of the two roads. The Jackson highway was as well graveled and as much used as the north and south road. Each driver, as he approached the intersection, had an unobstructed view of the other for more than 600 feet. The collision was obviously caused by the negligence of one or both of the two drivers. Defendant was the only eyewitness able to testify to the operation of the two cars within 200 feet of the point of collision. Plaintiff was so injured that he claims his memory is entirely blank after he came to a point 900 feet north of the intersection. His counsel concede that the verdict cannot be disturbed on the ground that the evidence did not warrant the jury in finding for or against either party on the two issues of

negligence and contributory negligence. The appeal is based entirely upon an alleged error in the charge and upon what the court said when the jury were called in for the purpose of instructing them that, after they had deliberated for 12 hours, five-sixths of their number might sign and return a verdict.

After instructing the jury clearly and properly as to the two vital issues for their determination, *viz.,* the negligence of defendant and the contributory negligence of plaintiff, the burden of proof being on plaintiff to show by a fair preponderance of the evidence that the alleged negligence of defendant proximately was a cause of the injuries for which damages were sought, and the burden on defendant by like proof to establish the alleged defense that the negligence of plaintiff proximately caused or contributed to cause such injury, the court, in two sentences, stated upon what findings on those two issues a verdict for either party must rest, *viz.:*

"If you find from all the evidence and circumstances in this case that the defendant Cramer was negligent, proximately causing the plaintiff's injuries, and that the plaintiff was free from contributory negligence, then your verdict should be for the plaintiff in the amount to which you find him entitled under the rule as to measure of damages given you in these instructions. If you do not so find, then your verdict should be for the defendant."

The contention is that this summary requires plaintiff to establish that he was free from contributory negligence in order to recover. It is to be noted that the court in the two sentences quoted was merely speaking of what bearing or effect the jury's finding upon the two vital issues was to have on their verdict. It was not enough to determine that defendant's negligence caused the injury. There must also be a finding that plaintiff did not by his negligence contribute thereto. As keen lawyers as those who represented plaintiff at the trial are, they detected no error when the charge was delivered, and it appears to us that there was none, especially in view of the testimony in this case. By their pleadings each party charged the other with having caused the collision through negligence or want of care. They two were the only persons present

when the accident happened. Plaintiff could not prove defendant's negligence, for he never saw him or how he drove. In order to prove anything at all in respect to the collision, plaintiff called defendant for cross-examination. Without defendant's testimony there is nothing on which to predicate any negligence against him. But that same testimony also tended to establish the issue of contributory negligence pleaded in the answer, which plaintiff's counsel concede to be for the jury. If anything, the evidence of plaintiff's contributory negligence appears more convincing than that of defendant's negligence. Since plaintiff is unable to recall what he saw or did after he reached a point 900 feet north of the intersection, he had not the slightest thing to offer contradicting defendant's testimony as to plaintiff's excessive speed into the intersection when defendant was already in the act of crossing. With the evidence thus, the jury, in order to give plaintiff a verdict, must of necessity not only find upon the issue of defendant's negligence, but also upon the issue of plaintiff's contributory negligence that he was free therefrom. Defendant testified that as he was driving at the speed of 25 to 30 miles per hour he, when about 100 feet from the intersection, noticed plaintiff, at twice that distance therefrom, approaching from the north at a speed which he estimated to be about 35 miles per hour. He judged he had ample time to cross in safety. As he had entered into the intersection four or five feet, he observed plaintiff, about 10 or 12 feet north therefrom, coming at a speed of from 40 to 45 miles an hour, and realized a collision was unavoidable. There is, as stated, no contradiction of his testimony as to plaintiff's conduct. The physical facts, such as skid marks, the effect of the collision upon the cars, or their position when come to rest, do not contradict defendant's testimony regarding plaintiff. Statements afterwards made by defendant and testified to by certain relatives of plaintiff have no bearing upon his testimony as to the speed and manner of approach of plaintiff's car into the intersection. Indeed, we are at a loss to know why defendant should not have had a verdict directed in his favor on the ground of plaintiff's contributory negligence.

The next assignment of error presents the claim that the court coerced the jury to agree. The record discloses that the cause was submitted to the jury about two o'clock in the afternoon. The jury had not arrived at a verdict at ten o'clock in the evening, and the court called them in and instructed them that, after 12 hours' deliberation five-sixths of their number might sign and return a verdict. Then the court said:

"Now, unless there is some question that you want to ask, that will be all, and you will retire and resume your deliberations.

"A juror: In the case of a disagreement, say, six to six or four to eight or five to seven?

"The Court: Well, that is important only as to the numbers. A disagreement—you disagree until you do agree.

"A juror: We cannot bring in a verdict of disagreement of the jury?

"The Court: No.

"A juror: We have got to thresh it out?

"The Court: That has to be determined by the court. There is no such thing as the jury reporting a verdict of disagreement."

It is difficult to find in this colloquy between the court and a juror a plausible basis for a contention of coercion or threat to keep the jury confined until a verdict was reached. The jury had not reported that they were unable to agree. They were not called in for the purpose of urging an agreement. A mere curiosity of a juror prompted an inquiry in the event of inability to agree on a verdict. The answer was correct. It is for the court to determine when the jury are to be released from considering a case if unable to agree upon a verdict. There was no intimation of a purpose to keep the jury together until a verdict was agreed upon. The jury did not so understand, for, instead of returning a five-sixths verdict as the jury were instructed might be done, the verdict was unanimous. There is a marked distinction between what here took place and what happened in Mar v. Shew Fan Qui, 108 Minn. 441, 122 N. W. 321, 133 A. S. R. 460. There was much more room for urging coercion in State v. Friend, 154 Minn. 428, 191 N. W. 926, than in the case at bar; but it was not sustained.

Before the jury retired at this time the court, at the jury's request, read certain statutes pertaining to the use of highways by motor vehicles which had been given them in the charge. Then a juror said: "What did you charge us about bringing in a verdict if we found, if either one was negligent or just one was negligent?" In answer the court said he could repeat the last part of the charge, "really the nub of it," and thereupon repeated the two sentences discussed under the first assignment of error. We think from the juror's question that the proper information was to be found by repeating the two sentences mentioned. The reasons already given for the correctness and propriety of the instruction must suffice to show that plaintiff has no cause of complaint for the repetition.

The order is affirmed.

