NORTHERN LIQUID GAS CO. et al. v.
HILDRETH (two cases.)
Nos. 14035, 14039.

United States Court of Appeals
Eighth Circuit
Feb. 23, 1950.

 

John S. Morrison, Minneapolis, Minn. (G. P. Mahoney, Minneapolis, Minn. on the brief), for appellants.

William J. Nierengarten, Austin, Minn. (Luther M. Bang, Austin, Minn. on the brief), for appellees.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Floyd Hildreth, on September 13, 1947, at about 12:30 P.M., was driving his automobile westerly on United States Highway No. 61, near the village of Tofte, Minnesota, on his way to his home in Austin, Minnesota, when his automobile collided with the rear left fender of a parked truck, headed in the same direction, a large part of which was on the pavement. He and his wife, Loretta I. Hildreth, who was riding with him, were hurt and the car was damaged. The truck was a large tank-type truck used for the delivery of propane gas, and was owned by the Northern Liquid Gas Co., of Superior, Wisconsin. The driver of the truck was Allan B. Cole, who, on his way to Superior, Wisconsin, had parked the truck temporarily on the north side of the pavement, in order to go to the assistance of some women whose automobile, while traveling east, had had a tire blow out and who were unable to jack up the car in order to change the tire.

Attributing the accident and its consequences to the negligence of the driver of the truck in parking upon a paved portion of the highway, each of the Hildreths, citizens of Minnesota, brought an action for damages against the owner and the driver of the truck, who are citizens of Wisconsin. The defendants denied liability and alleged that the plaintiffs were guilty of contributory negligence. The cases were tried together to a jury. The defendants moved for directed verdicts. Their motions were denied. The jury returned verdicts for the plaintiffs, upon which judgments were entered. The court denied the defendants' motions for judgments notwithstanding the verdicts. These appeals followed.

The defendants contend that, under the evidence and the applicable substantive law, which is that of Minnesota, the issues whether the parking of the truck on the pavement was the proximate cause of the accident and whether Floyd Hildreth was guilty of contributory negligence were not issues of fact for the jury, that the defendants' nonliability was conclusively established, and that the court should have directed verdicts in their favor. The defendants concede that the truck was parked in violation of § 169.32, Minn. Stat. Ann., and that this was prima facie evidence of negligence on their part under § 169.96, Minn. Stat. Ann.

There is no substantial dispute as to the facts. The day was clear; the road—which was straight and substantially level—was surfaced with tarvia to a width of 24 feet 2 inches and had a 6-foot shoulder on the north side and a 3½-foot shoulder on the south side. It was a two-lane highway, with a painted line approximately down the middle. The south lane, as marked, was 12 feet 10 inches wide, and the north lane was 11 feet 4 inches in width. The parked truck, the right wheels of which were on the north shoulder, apparently extended about 6 feet onto the pavement, leaving approximately 5 feet 4 inches of the north lane and all of the south lane, or about 18 feet of the pavement, unobstructed. A side road came into the highway from the northeast about 100 feet behind the truck. The car with the blown-out tire was about 200 feet northeast of the truck, on the south side of the highway, partly on the pavement and partly on the shoulder.

Floyd Hildreth, when about half a mile from the parked truck, saw it and saw the disabled car on the south side of the highway with people standing around it. He then thought the truck was moving. He was driving 40 to 50 miles an hour and was following another car at a distance of about 300 feet. As he approached the truck, the car ahead of him, which obstructed his view of the truck, turned to the left to pass the truck, and it was his intention to follow that car. He was then about 500 feet from the truck and realized that it was standing. He and the driver of the

car ahead of him had slowed down to 35 or 40 miles an hour as they neared the truck, preparatory to passing it. When Hildreth was about 250 feet behind the truck, an automobile suddenly and unexpectedly came out of the side road about 150 feet ahead of him and moved across the highway to his left. He swung to his right to avoid that car, but did not apply his brakes until he was 50 feet from the rear of the truck, when he did apply them and turned his car to the left, but nevertheless struck the left rear fender of the truck with the right front part of his car. He testified that his car would not have struck the truck except for the car which unexpectedly came onto the highway from the side road, which he did not know existed and of which he had no warning.

The defendants argue, in substance, that the evidence conclusively shows that Floyd Hildreth knew of the presence of the truck long before he reached it; that he saw the car which came upon the highway from the side road in ample time to stop or slow down and thus avoid colliding with the truck; and that his failure so to do was negligence as a matter of law and the sole proximate, or at least a contributing, cause of the accident. The defendants rely mainly upon the cases of Geisen v. Luce, 185 Minn. 479, 242 N.W. 8; Medved v. Doolittle, 220 Minn. 352, 19 N.W.2d 788; and Barrett v. Nash Finch Co., 228 Minn. 156, 36 N.W.2d 526.

The plaintiffs, on the other hand, contend, in effect, that the driver of the truck, in parking, as he did, 100 feet beyond the side road, with which he was familiar but of which Floyd Hildreth was unaware, created a hazardous condition; that the sudden appearance of a car from this side road in front of Hildreth as he was about to pass the truck was a distracting circumstance and created an emergency; and that whether, under the circumstances, Hildreth was negligent in failing to avoid a collision with the truck, whether if so his negligence caused or contributed to the accident, and whether the negligence of the driver of the truck in parking it as and where he did was the cause of the accident,

were questions for the jury and not for the court.

There have been many cases in Minnesota growing out of the alleged negligent parking of cars upon the highways of the State. Some of them are collected in the margin.[1] In the majority of such cases, the Supreme Court of Minnesota has held that the issues of negligence, proximate cause and contributory negligence not being free from doubt were for the jury and not the court. In some cases, including those upon which the defendants rely, it was held, in substance, that the plaintiff was so plainly guilty of negligence in failing to avoid an accident that the standing vehicle had no causal relation to the accident and was to be regarded merely as a part of the environment in which the accident (otherwise caused) occurred.

The case of Geisen v. Luce, supra, 185 Minn. 479, 242 N.W. 8, 11, grew out of an automobile accident which happened at about four o'clock in the afternoon of a March day in 1930. Luce, while driving at a speed of from 50 to 60 miles an hour, ran off the highway when attempting to pass a disabled Cadillac car, belonging to Ferris, which was standing on the right-hand side of the pavement headed in the direction Luce was traveling. One of the passengers of the Luce car was injured, and she sued both Luce and Ferris and recovered a judgment against both. Luce testified that he was following another car, which obstructed his view; that he swung to his left to pass this car as it swung to the left to pass the Cadillac; that, as he reached the Cadillac, he was confronted by a car coming toward him, and, in order to avoid a head-on collision, drove onto the left shoulder of the road and his car went into the ditch. The Supreme Court of Minnesota held that the evidence sustained the verdict as against Luce, but not as against Ferris. It ruled that Ferris was not negligent in leaving his disabled car on the pavement, but that, even if he had been negligent in that regard, the negligence of Luce was the proximate cause of the accident; that "there was no causal connection between the 'standing' of the Ferris car and the accident;" and that "This accident resulted from Luce's excessive speed, his indiscretion in not having his car under control in anticipation of south-bound traffic, and his failure to appreciate the impending danger."

Medved v. Doolittle, supra, 220 Minn. 352, 19 N.W.2d 788, arose out of a collision which occurred in the daytime on a three-lane highway 27 feet wide, the right lane of which was blocked by a disabled truck. The driver of the car which collided with the rear of the truck saw it when more than a quarter of a mile away. His wife was with him. He could have avoided a collision by stopping or by turning into another lane of the highway. When he was 150 to 175 feet from the truck, he took his eyes off the road, looked sidewise at his wife, and the next thing he knew his car had collided with the truck. His wife was killed. The representative of her estate sued the owner of the truck and a mechanic, who was engaged in repairing it, to recover for her alleged wrongful death. The jury returned a verdict for the plaintiff. The Supreme Court of Minnesota reversed, although it held that, since the truck had been left standing on the highway in violation of a Minnesota statute, the defendants were prima facie guilty of negligence. The court said page 358 of 220 Minn., page 791 of 19 N.W.2d: "We think that the husband's conduct constituted

1. Jacobs v. Belland, 171 Minn. 338, 214 N.W. 55; Forster v. Consumers' Wholesale Supply Co., 174 Minn. 105, 218 N.W. 249; Knutson v. Farmers Co-operative Creamery of Jenkins, 180 Minn. 116, 230 N.W. 270; Mechler v. McMahon, 180 Minn. 252, 230 N.W. 776; Ward v. Bandel, 181 Minn. 32, 231 N.W. 244; Wicker v. North States Construction Co., Inc., 183 Minn. 79, 235 N.W. 630; Ball v. Gessner, 185 Minn. 105, 240 N.W. 100;

Geisen v. Luce, 185 Minn. 479, 242 N.W. 8; Olson v. Purity Baking Co., 185 Minn. 571, 242 N.W. 283; Brown v. Raymond Bros. Motor Transportation, Inc., 186 Minn. 321, 243 N.W. 112; Orrvar v. Morgan, 189 Minn. 306, 249 N.W. 42; Fleenor v. Rowley, 198 Minn. 163, 269 N.W. 370; Medved v. Doolittle, 220 Minn. 352, 19 N.W.2d 788; Barrett v. Nash Finch Co., 228 Minn. 156, 36 N.W.2d 526.

an intervening, efficient, and responsible cause, breaking the chain of causation between defendants' original negligence and the collision. It operated as an independent force, because he realized the rapid approach of his car to the standing truck, and consequently, whether the truck was in fact standing or moving slowly, as he must have thought it was doing if he thought it was moving at all he was chargeable with knowledge of the hazard created by defendants' acts. The husband's conduct in failing to avert the collision was therefore independent of defendants' acts and broke the chain of causation."

The court also said page 359 of 220 Minn., page 792 of 19 N.W.2d: ' " * * * The standing truck involved no danger to about 500 other drivers who passed it. It involved danger to decedent only because of the extraordinary and culpable negligence of her husband. Under the circumstances, defendants' prior negligence was an occasion or condition, but not a proximate cause of the accident. Geisen v. Luce, 185 Minn. 479, 242 N.W. 8."

In Barrett v. Nash Finch Co., supra, 228 Minn. 156, 36 N.W.2d 526, which arose out of a collision of a moving truck with a standing car, it was held that the truck driver, who saw the car—which was on the wrong side of the road and was without lights—in time to avoid the collision, but who negligently failed to do so, was guilty of negligence which was the sole proximate cause of the accident. In that case, the Supreme Court of Minnesota said, pages 160-161 of 228 Minn., page 529 of 36 N.W. 2d: " * * * Where the driver of an automobile plainly sees another automobile upon the highway in time to avoid a collision and negligently fails to do so, the driver's negligence is an intervening, efficient, and the proximate cause of the collision, insulating the prior negligence of the driver of the automobile with which he collided and reducing it to a mere occasion or condition. Seward v. Minneapolis St. Ry. Co., 222 Minn. 454, 25 N.W.2d 221; Medved v. Doolittle, 220 Minn. 352, 19 N.W.2d 788. Here, Barrett's position on the road resulting from his violation of the statute in driving on the wrong side thereof was plainly visible to Pallies [the truck driver] and known by him at a time when he had ample opportunity to avoid the collision by either stopping, proceeding along his course on his side of the road, or turning out onto the tarviated shoulder on his right. All this occurred in point of time subsequent to Barrett's violation of the statute and when it ceased to be operative as a factor in causing the collision which occurred. Consequently, Barrett's violation of the statute requiring him to keep on his right side of the road was not the proximate cause of the collision."

There is unquestionably language in the cases upon which the defendants rely which, when disassociated from the facts of those cases and applied to the instant cases, reasonably can be thought to indicate that the plaintiffs cannot recover. The Supreme Court of Minnesota, however, in Ranum v. Swenson, 220 Minn. 170, 174, 19 N.W.2d 327, 330, said: " * * * We expressly reject the policy of applying arbitrary standards of behavior amounting in effect to rules of law to all cases without regard to surrounding circumstances."

It seems to us that the policy of the Supreme Court of Minnesota has been to base its decisions, in cases arising out of automobile accidents, upon the particular facts of each case and to adopt a case by case approach to the varying factual situations presented by such cases, few of which can be arbitrarily classified.

A reading of the decisions in Geisen v. Luce, supra, Medved v. Doolittle, supra, and Barrett v. Nash Finch Co., supra, shows that in each case the accident occurred not because the standing car was negligently parked but because the driver of the moving car was thought to be clearly guilty of negligence as a matter of law. What we understand those cases to hold is that a driver who negligently collides with a standing car which he sees in ample time and clearly should have avoided, cannot attribute the accident to the standing car. But the question whether the driver was negligent is a question of fact for the jury if, even though the evidence is undisputed, fair-minded men will honestly draw different conclusions from it, and a trial court

may not direct a verdict unless " * * * the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no room to doubt what the fact is * * *." Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720.

Under Minnesota law, the burden of proving contributory negligence is on the defendant. Oxborough v. Murphy Transfer & Storage Co., 194 Minn. 335, 340, 260 N.W. 305; Jenson v. Glemaker, 195 Minn. 556, 561, 263 N.W. 624, 626; Ames v. Cramer, 200 Minn. 92, 94, 273 N.W. 361, 362; Anderson v. Johnson, 208 Minn. 373, 376, 294 N.W. 224. The questions of proximate cause and contributory negligence are ordinarily questions of fact for the jury. Montgomery Ward & Co., Inc., v. Snuggins, 8 Cir., 103 F.2d 458, 462, 463, and cases cited; Anderson v. Johnson, supra, pages 376-377 of 208 Minn., pages 226-227 of 294 N.W.

It is an established rule of negligence law in Minnesota " * * * that one suddenly confronted by a peril, through no fault of his own, who, in the attempt to escape, does not choose the best or safest way, should not be held negligent because of such choice, unless it was so hazardous that the ordinarily prudent person would not have made it under similar conditions." Johnson v. Townsend, 195 Minn. 107, 110, 261 N.W. 859, 861; Cosgrove v. McGonagle, 196 Minn. 6, 13, 264 N.W. 134, 138; Carlson v. Sanitary Farm Dairies, Inc., 200 Minn. 177, 184, 273 N.W. 665, 669.

It is also a rule of Minnesota law that distracting circumstances may excuse conduct which would otherwise constitute negligence as a matter of law. In Wedel v. Johnson, 196 Minn. 170, 175, 264 N.W. 689, 692, which grew out of a collision of an automobile with the carcass of a horse which had been killed by a truck, which was disabled by its contact with the horse, the Supreme Court of Minnesota said: "The question of plaintiff's contributory negligence is a close one. The body of a large horse (1,400 to 1,700 pounds) is a conspicuous object and plaintiff's speed was not high. The truck was well beyond the horse and almost completely off the pavement. All other drivers who passed (there were a number of them) saw and avoided the carcass. Plaintiff claims to have had his attention diverted from the road to the truck. We think that his care or lack of it was a jury question."

In Dreyer v. Otter Tail Power Co., 205 Minn. 286, 290, 285 N.W. 707, 709, the court said: " * * * Ordinarily distracting circumstances will be found to consist of an object moving or movable which in and of itself threatens, or reasonably may be thought to threaten, danger."

We think that one reasonably may believe that it was for the jury to decide whether Floyd Hildreth, in the situation with which he was confronted after the car from the side road appeared suddenly ahead of him upon the highway, was guilty of negligence in failing to avoid colliding with the truck. It is evident from what occurred that Hildreth did not choose the best way to avoid the collision; but if what he did was what an ordinarily prudent driver might have done under the same or similar circumstances, the question of his negligence was a question for the jury.

We think it cannot be said that the parking of the truck upon the pavement 100 feet beyond the side road was, as a matter of law, not the proximate cause of the accident. The collision was, without doubt, the result of negligence. If Hildreth was not negligent in the operation of his car, it would seem that the jury could find that the collision was caused by the negligence of the defendants. The highway was heavily traveled. The standing truck obviously increased to some extent the ordinary hazards of the road. That a car might suddenly appear from the side road and, in attempting to pass to the left of the truck, endanger other motorists using the highway, was not, we think, beyond the bounds of the foreseeable, nor would the sudden appearance of such a car constitute, in our opinion, an independent intervening cause upon which the defendants could rely to relieve themselves of liability. See and compare, Wedel v. Johnson, 196 Minn. 170, 173, 264 N.W. 689, 691.

It is, of course, true that if the instant cases were to be decided by the Supreme Court of Minnesota, that court might hold that Hildreth was guilty of contributory negligence as a matter of law and that his negligence, and not the negligence of the truck driver, was the sole proximate cause of the accident. On the other hand, we think it not improbable that that court would rule, as the District Court did, that, under the peculiar circumstances of this case, the issues of contributory negligence and proximate cause were not free from doubt and were for the jury to decide.

It is our conclusion that the question whether the issues were for the court or for the jury is a doubtful question of state law with respect to which this Court is justified in accepting the views of the trial judge. In a somewhat analogous situation, this Court, in Russell v. Turner, 8 Cir., 148 F.2d 562, 564, said: "The considered opinion of a trial judge as to a question of local law may properly be accorded great weight by this court. It will not adopt a view contrary to that of the trial judge unless convinced of error. Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713; Roth v. Swanson, 8 Cir., 145 F.2d 262, 266, 268; Doering v. Buechler, 8 Cir., 146 F.2d 784, 788; Railway Mail Ass'n v. Chamberlin, 8 Cir., 148 F.2d 206. This does not mean that an appellant in order to obtain a reversal of a judgment in a case such as this, must demonstrate error to a mathematical certainty, but it does mean that this court will not overrule a decision of a trial judge upon a question of state law except for cogent and convincing reasons. Compare Yoder v. Nu-Enamel Corporation, 8 Cir., 145 F.2d 420, 423-425; Roth v. Swanson, supra, page 269 of 145 F.2d; Anderson v. Sanderson & Porter, 8 Cir., 146 F.2d 58, 62. All that this court reasonably can be expected to do in reviewing cases governed by state law is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the law."

See, also, the following decisions of this Court: Globe Indemnity Co. v. Wolcott & Lincoln, Inc., 8 Cir., 152 F.2d 545, 547;

Elder v. Dixie Greyhound Lines, Inc., 8 Cir., 158 F.2d 200, 204-205; E. I. DuPont de Nemours & Co. v. Frechette, 8 Cir., 161 F.2d 318, 322; Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339, 340; Pearman v. Crain, 8 Cir., 166 F.2d 109, 115; Turner County, S. D. v. Miller, 8 Cir., 170 F.2d 820, 826; Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1019; Mast v. Illinois Central R. Co., 8 Cir., 176 F.2d 157, 163.

We are not convinced that the district judge who tried this case clearly misconstrued or misapplied the applicable Minnesota law in ruling that the issues of fact were for the jury.

The judgments are affirmed.