## COTHRAN *v.* BENJAMIN CLEENEWERCK & SON.

1. NEGLIGENCE — MOTOR VEHICLES — PRESUMPTION OF NEGLIGENCE MAY NOT BE CONSIDERED IF REBUTTED BY ANY EVIDENCE.

   The presumption of defendant's negligence in a rear-end collision with plaintiff's truck may not be considered by the jury in weighing the evidence if there is any evidence rebutting the presumption.[1]

---

[1]Motor Vehicles, 28 Cyc. p. 47.

Existence and condition of lights on automobile as affecting right of operator or owner to recover for negligence, see note in 14 A. L. R. 794.

Excessiveness of verdicts in action for personal injuries other than death, see note in L. R. A. 1915F, 30.

2. APPEAL AND ERROR—HARMLESS ERROR.

Where there was no evidence rebutting the presumption of defendant's negligence in a rear-end collision with plaintiff's truck, error of the trial court in instructing the jury that they might consider the presumption in weighing the evidence was harmless.[2]

3. NEGLIGENCE—MOTOR VEHICLES—DIRECTED VERDICT.

In an action for personal injuries caused to plaintiff when defendant's automobile collided with the rear end of plaintiff's truck, defendant's testimony, *held*, to establish his own negligence as a matter of law.[3]

4. APPEAL AND ERROR — ERROR IN CHARGE IMMATERIAL WHERE DIRECTED VERDICT WARRANTED.

· Where defendant's own testimony warranted a directed verdict against him, he may not complain of errors in the charge.[4]

5. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — ABSENCE OF TAIL LIGHT.

Where defendant testified that he saw plaintiff's truck when he was six rods away, and did not apply the brakes because he expected to turn out and pass it on the left, but was prevented from doing so by a car coming from the opposite direction, which caused him to strike plaintiff's truck in the rear, the absence of a tail light from plaintiff's truck cannot be said to be contributory negligence.[5]

6. DAMAGES—EXCESSIVE VERDICT.

A verdict of $5,000 cannot be said to be excessive for personal injuries which are serious and permanent, causing plaintiff great pain and suffering for a considerable period of time, and reducing his earning capacity from $10 a day to practically nothing.[6]

Error to Kalamazoo; Weimer (George V.), J.   Submitted April 13, 1926.   (Docket No. 77.)   Decided June 7, 1926.

Case by William Cothran against Benjamin Cleenewerck & Son and another for personal injuries.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

[2]Appeal and Error, 4 C. J. § 3013; [3]Motor Vehicles, 28 Cyc. p. 47; [4]Appeal and Error, 4 C. J. § 3026; [5]Motor Vehicles, 28 Cyc. pp. 38, 47; [6]Damages, 17 C. J. § 408; Motor Vehicles, 28 Cyc. p. 48.

*Bishop, Kilpatrick & Weaver,* for appellants.

*Harry C. Howard,* for appellee.

McDONALD, J.    The plaintiff had a verdict and judgment on a claim of damages for personal injuries occasioned by the negligence of the defendants.    A motion for a new trial was refused and the defendants brought error.    At the time of the accident the defendant Blanchard was a salesman for Benjamin Cleenewerck & Son, and was driving an automobile belonging to them.    The plaintiff was driving a Ford truck loaded with household goods along the Ravine road near Kalamazoo.    He had stopped at the extreme right of the traveled portion of the road to examine a tire.    When he was ready to start the car it was necessary to crank it.    While he was attempting to do so the defendant Blanchard drove against the truck from the rear, shoving it forward over the plaintiff, breaking both of his legs and otherwise seriously injuring him.

The negligence charged to the defendant Blanchard is that under the circumstances he was driving his car at an excessive rate of speed, and that he did not have it under control.    The defendants claim that the accident was caused by the failure of the plaintiff to have the tail light of his truck lighted, and in not looking for approaching automobiles before undertaking to crank it.    The principal questions involved relate to the charge of the court.    It is contended that the court erroneously instructed the jury on the question of the presumption of negligence arising from a rear-end collision.

Assuming that there was evidence rebutting the presumption of the defendants' negligence, the court was in error in charging the jury that they might consider this presumption in weighing the evidence. *Gillett* v. *Traction Co.,* 205 Mich. 410; *People* v. *Bur-*

*bank,* 234 Mich. 600.    If there had been any rebuttal evidence, we would feel compelled to reverse the judgment because of this instruction; but we find no such evidence in the record.    The defendant Blanchard testified as to how the accident happened.    His testimony clearly establishes his negligence and is the only evidence on that subject.    The undisputed facts are that, as he approached from the rear, he saw the truck when he was six rods away from it.    The road was icy and slippery.    He did not apply his brakes or attempt to stop his car for the reason, as he says, that he planned to turn out and pass the truck on the left.    But as he turned into the road he saw another car coming from the opposite direction.    He did not think there was room to pass.    Under these circumstances, he says,

"I thought best to hit the corner of this truck than to hit the smaller car that was coming towards me. * * * If it hadn't been for the other car, I don't believe I would have had any collision with the truck at all."

Before turning out to pass the plaintiff, Blanchard took no observations to see if he could do so safely. He negligently placed himself in a position of danger, and to avoid the consequences deliberately drove his car into the plaintiff's truck.    If he had used the slightest precaution in determining whether he could safely pass the plaintiff, the accident would not have happened.    Under these circumstances, the court would have been justified in instructing the jury, as a matter of law, that Mr. Blanchard was guilty of negligence.    In view of this fact, if there were errors in the charge, the defendants cannot complain.

In their brief counsel for the defendants argue that the plaintiff was guilty of contributory negligence.    It does not appear that there was anything the plaintiff could have done to stop the defendant from running

into his truck.    The absence of a tail light had nothing to do with it.    The defendant Blanchard saw the truck when he was six rods away, in ample time to avoid hitting it.    His negligence in failing to act as an ordinarily prudent man would have acted under the circumstances was the sole cause of the plaintiff's injuries.    It is therefore not necessary to further discuss the defendants' contention as to contributory negligence.

In their motion for a new trial the defendants contended that the verdict was excessive.    The plaintiff was seriously and permanently injured.    He suffered great pain for a considerable period of time, and by; reason of his injuries his earning capacity has been reduced from $10 a day to practically nothing.    A. verdict of $5,000 was not excessive.

No other questions merit discussion.

The judgment is affirmed, with costs to the plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.