THORPE, Appellant, vs. CLOVER CREAM DAIRY COMPANY and another, Respondents.

THORPE, Administrator, and another, Appellants, vs. CLOVER CREAM DAIRY COMPANY and another, Respondents.

*April 2—April 30, 1929.*

For the appellants there was a brief by *C. B. Culbertson* of Stanley, attorney, and *Goggins, Brazeau & Graves* of

Wisconsin Rapids, of counsel, and oral argument by *Theo. W. Brazeau.*

For the respondents there was a brief by *C. F. Rouiller* of Milwaukee and *Hugh W. Goggins* of Wisconsin Rapids, and oral argument by *Mr. Rouiller.*

CROWNHART, J. The plaintiffs were going east in an Essex coach automobile on state highway No. 10, which was paved with concrete eighteen feet wide. A north-and-south road crossed highway 10. At the junction of the two highways defendant's large milk truck stood a little to the west of the north-and-south road, on the south side of highway 10, headed east. As the plaintiffs approached this truck, the driver of the car, Clarence Thorpe, eighteen years of age, turned to his left to pass the truck. At about the same time, without giving any signal, the truck driver started up his truck and turned north on the cross-road, cutting west of the center line. Clarence was confronted with an emergency. Fearing that he could not stop in time to avoid a collision, he decided to put on more power and cross in front of the truck in order to avoid the danger. He successfully eluded the truck by a couple of feet, crossing over the cross-road at a point north of the paving on highway 10 at a speed of twenty to twenty-five miles per hour. He ran his left wheels into the ditch on the north side of highway 10, and along the ditch for some distance, when he attempted to turn to his right onto the concrete. As his right front wheel got onto the concrete, the car tipped over to the left, resulting in the injuries complained of.

The jury, in its special verdict, found that the driver of the truck was guilty of negligence in not signaling his purpose to turn to the left; in failing to keep a proper lookout; and in not turning to his left east of the center line of the intersection. Each of these grounds of negligence was found to be a proximate cause of the accident. The jury

also found the amount of the damages. As to these questions there is no contention on the appeal.

The jury also found that Clarence Thorpe was not guilty of negligence by reason of excessive speed; failure to stop his car; by not keeping a proper lookout; or by operating the car so it left the graded portion of highway 10. The court, in effect, set aside the answers to these questions and held as a matter of law that Clarence Thorpe was guilty of negligence in failing to stop his car before the accident, while it was running in the ditch. In this ruling the appellants contend the court was in error.

It seems that the court was confused as to the distance that Clarence ran his car in the ditch. The first question of the verdict, which was answered by the court and later, on motion to set aside the verdict, was approved, states as a fact that plaintiffs' car "tipped over on highway 10, about forty-five feet east of the intersection of a north-and-south highway, as said highways are shown in defendants' Exhibit two." In his written opinion granting judgment notwithstanding the verdict, the court said:

"It is held that he [Clarence] was negligent in not stopping his car and negligent in driving at least seventy feet after he passed the truck, forty-five of the seventy feet being driven in the ditch."

Manifestly, the finding of the court in question 1, inserted in the verdict, and the statement in his opinion cannot both be right. A careful examination of the evidence satisfies this court that the finding in the special verdict is substantially correct.

Under the circumstances of this case can it be said that Clarence was guilty of negligence as a matter of law? We think it cannot. The trial court freely grants that Clarence was not guilty of negligence in putting on his power and crossing in front of the truck. The only claim of negligence in the court's opinion is because he did not slow down

and stop his car sooner, after passing in front of the truck. Any one familiar with driving a car will understand the danger attendant upon stopping a car suddenly where the wheels on one side of the car are in a ditch filled with water, and the other wheels are on higher and firmer ground. Clarence acted suddenly under an emergency, and escaped with his passengers from the oncoming truck only by a couple of feet, and it is too much to say, as a matter of law, that under these circumstances, going at a speed of twenty to twenty-five miles an hour at the start, he should have stopped his car sooner than he did. He had shut off his gas and was slowing down his car to get out of the ditch and back onto the concrete. He had to turn onto the concrete sooner than he otherwise would because of a cross-walk ahead of him, leading from the highway to the north onto the school grounds. This also made an emergency which required quick action, and it cannot be said as a matter of law that he was guilty of negligence in turning as he did upon the highway. We think any one, confronted with the emergency that confronted Clarence, could hardly have exercised greater care. At least the question was for the jury, and their verdict should not have been disturbed.

*By the Court.*—The judgments of the circuit court are reversed, with directions to enter judgments for the plaintiffs on the special verdict.