# ADOLPH HARRSCH v. HERBERT BREILIEN.[1]

October 24, 1930.

No. 28,049.

[1]Reported in 232 N. W. 710.

 

*Bauers, Carlson & Beveridge* and *Moonan & Moonan,* for appellant.

*Gallagher, Madden & Gallagher,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff in a collision between his auto and that of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial. There are four questions for consideration:

(1) Whether the defendant was negligent and his negligence proximately caused the injury; the claim of the plaintiff in this respect being that the defendant was on the wrong side of the road and that he was driving at too great a speed.

(2) Whether the plaintiff was negligent and his negligence contributed to the injury; the defendant's claim in this respect being that the plaintiff's lights were not lighted and that he was driving at such speed that he could not stop within the distance in which he could see an object ahead of him.

(3) Whether the charge of the court to which an exception was not taken, that the failure of the plaintiff to have his lights lighted or his driving so that he could not stop within the distance in which he could see an object ahead of him, was the law of the case.

(4) Whether the damages are excessive.

■ The uniform highway traffic act requires drivers to keep on the right half of the traveled portion of the highway and, going in opposite directions, to pass each other at the right. L. 1927, p. 563, c. 412, §§ 9-11, 1 Mason, 1927, §§ 2720-9 to 2720-11. The traffic act also requires the equipment of an auto with lighted lamps a half hour after sunset and a half hour before sunrise "and at any

other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead." L. 1927, p. 563, c. 412, § 48, 1 Mason, 1927, § 2720-48.

On March 6, 1929, in the early afternoon the plaintiff was driving southerly on highway No. 13 in Waseca county. The defendant was driving northerly. The road is graveled and 30 feet wide. The accident occurred in a cut during a storm. The storm was not a continuous blizzard preventing traffic, as sometimes the suggestion is, but there were occasional blinding snow flurries which obstructed or entirely cut off vision followed by sunshine or clear weather. The defendant described the condition by saying that "it was just like going into night." He says that he slowed down when he went into the cut and that he could not see through it. He was going from 10 to 15 miles per hour. He puts it at 10; another riding with him at 15.

The evidence would justify the jury in finding that the defendant did not keep on the east half of the road but was over on the west half at least a part of the time and at the time of the collision, without excuse for not keeping on his own side. The evidence to sustain such a conclusion the jury might think convincing. It could find that the failure of the defendant to keep on the right-hand side was the proximate cause of the collision. If so he was responsible, under the statute, for the result proximately following in the absence of contributory negligence on the part of the plaintiff. The speed is not specially important.

■ · The evidence of the plaintiff is that he was at the right of the road and was hugging the snowbank. He was keeping as far from the center as he could. He says he was going 10 miles an hour. The claims of negligence are that he did not have his lights burning and that he did not stop within the distance in which he could see an obstruction. The two facts are admitted. The jury however was justified in finding that his failure to have his lights burning and to move so he could stop within the distance prescribed, conceding that they applied, were not the proximate causes of the accident. The jury could think it quite unlikely that lights would

have helped or that stopping would have helped. They could have concluded, with ample support in the evidence, that the real proximate cause of the injury was the fact that the defendant was on the wrong side of the highway.

■ The defendant claims that the plaintiff cannot recover because of the charge of the court, to which no exception was taken, relative to his lights and to his having his auto under control so he could stop, which is the law of the case and bars a recovery.

We have referred to the law of the case as affected by G. S. 1923 (2 Mason, 1927) § 9327, giving the right of exception on a motion for a new trial and not requiring it to be taken at the trial, in Kruta v. Lough, 131 Minn. 13, 154 N. W. 514. But we need not discuss it further. If it be conceded that the defendant was at fault in the two respects contended, the fact still is that the question of proximate cause was for the jury; and the question of proximate cause was submitted to the jury without objection and apparently with approval.

The defendant makes a suggestion of inconsistency in our cases in reference to auto traffic. Some of the cases to which reference is had occurred prior to the 1927 uniform highway traffic act. Our holding is that the violation of a statute enacted for the protection of an individual or class is such a delinquency, conveniently called negligence, that a person for whose protection it is enacted can recover for an injury proximately coming from it. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, and cases cited; 4 Dunnell, Minn. Dig. (2 ed.) § 6976. The question of proximate cause is then the question.

■ The verdict was for $11,690. A new trial was granted unless the plaintiff consented to a reduction to $9,690, and he consented.

Plaintiff sustained a fracture of his left kneecap, a cut about an inch long below the right knee, some injuries to his chest and resulting soreness, and some indefinite injuries to his back and about the face. The permanent injury is that to the left knee. At the time of the trial the fracture had not joined, and the parts

were an inch or an inch and a half apart. Between them was a partial fibrous union, but the parts were movable. His leg was in a cast for some five and one-half months. There was consequent pain.

His doctor and hospital bills aggregated $350. There was evidence that the damage to his car was $450. His wages were $145 per month, including the value of certain allowances. He lost a total of six months' wages and always will be to an extent incapacitated. His total special damages were quite definitely as much as $1,500. This leaves general damages of $7,500. Though liberal, they are not so excessive as to require a new trial or a reduction.

Order affirmed.

[1]Reported in 232 N. W. 631.