# ROBERT AND LOUISE KRINKE v. ALBERT W. GRAMER.[1]

January 6, 1933.

Nos. 29,218, 29,219.

[1]Reported in 246 N. W. 376.

596

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*E. W. Swenson,* for respondents.

DIBELL, J.

Two actions, tried together, one brought by Robert Krinke and the other by Louise Krinke, his wife. The action by Robert Krinke was to recover damages for personal injuries sustained in a collision with an auto of the defendant and for damages to his auto, and the other was for personal injuries sustained by his wife.

The plaintiff Robert Krinke was driving his auto southerly on the Foley-Becker road in Benton county on July 26, 1931, at about 8:20 or 8:30 in the evening, the time being in dispute. The defendant was driving his auto westerly on an intersecting public road from Princeton to St. Cloud. The two autos collided at the intersection. Both of the plaintiffs were injured. The plaintiff Robert Krinke received a verdict for $4,500, and the plaintiff Louise Krinke received a verdict for $1,653. The jury itemized the plaintiff Robert Krinke's verdict as follows:

"Damages to person      $3,795.00
Damages to automobile       200.00
Hospital expenses           190.00
Medical treatment           300.00
Ambulance                    15.00

                          —————————
                          $4,500.00"

It itemized the plaintiff Louise Krinke's verdict as follows:

"Damages to person      $1,500.00
Medical treatment          100.00
Hospital expenses           53.00

                          —————————
                          $1,653.00"

Afterwards, on motion of the plaintiffs, the court reduced Louise Krinke's verdict to $1,500 and added $153 to plaintiff Robert Krinke's verdict of $4,500. This was upon the theory that the $153 was expense consequent upon the injury to the wife and for which her husband and not she should recover.

The defendant appeals from the order denying his separate alternative motions for judgment or a new trial and from the order amending the verdict in favor of plaintiff Robert Krinke.

■ The jury was justified in finding that the defendant was negligent. He claims that he was driving from Princeton at perhaps 30 miles per hour and that he slackened his speed as he approached the intersection to about 25 miles. The evidence justifies the conclusion that he was going very much faster and at an unreasonable speed. One or more of those with him in the auto were unable to recall any slackening of speed, and there is some slight evidence of protest coming from the back seat. ·The evidence of speed is not at all decisive. It is sought to show it by computing upon the basis of times of starting and arrival. There is not an agreement upon the precise times. Taking different times as the basis, the cars might be found going at an almost impossible rate of speed or at a snail's pace. But altogether the jury might find without criticism

that the defendant was going at a fast and unsafe rate of speed without a proper lookout.

The two cars landed near the southwest corner of the intersection, and the evidence would justify concluding that the actual collision was on the westerly side of the north and south highway and perhaps on the southerly half of the east and west highway. The question of the defendant's negligence was for the jury.

■ The plaintiff Robert Krinke, as he was coming from the north, had the right of way at the intersection over the defendant. 1 Mason, 1927, § 2720-18. Neither his headlights nor his rear light were lighted. The cowl lights were burning. The sun set at 7:49. We assume that the plaintiff Robert Krinke reached the crossing more than 30 minutes after sunset and was violating the uniform highway traffic law, 1 Mason, 1927, § 2720-48(a), in not having his headlights lighted. If such a violation of the law proximately contributed to his injury he cannot recover. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4167c, and cases cited.

■ It cannot be said as a matter of law that the absence of the lights was the proximate cause of the collision. There was evidence that it was still light and that one on the lookout could see cars on the road. A man coming from the south just at or after the accident was driving without lights, and he had no difficulty in seeing 20 or 30 rods away. A witness or two a few hundred feet north on the north and south road could see the defendant's car coming from the east a distance of perhaps a quarter or one-third of a mile. Altogether it was a question of fact whether the plaintiff Robert Krinke's violation of the statute was the proximate cause of the collision. It was not so as a matter of law.

■ The claim most strenuously urged by the defendant is that the plaintiff Robert Krinke was as a matter of law guilty of contributory negligence. It is fairly clear that either Krinke or Gramer was negligent or that they both were. As the plaintiff Robert Krinke drove south he naturally would look to his left first and then to his right, for he had the right of way over a car coming from the east, and a car coming from the west had the right of way over him.

He claims he did this; that is, that he first looked to the left and saw nothing, then examined the conditions at the right, which it was particularly his duty to do, and that the defendant ran into him as he was driving into the intersection, and, as he seems to claim, was partly, if not altogether, over the center of the east and west road. The fact that the plaintiff had the right of way of course did not justify him in failing to make due observation and to exercise ordinary care. DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Tegels v. Tegels, 177 Minn. 222, 225 N. W. 85; Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4164e, and cases cited. Largely each case is controlled by its own facts. Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751. Taking all the evidence as the jury might view it, the conclusion that the plaintiff was not contributorily negligent is sustained. It was for the jury. The accident was an unnecessary one. It was for the jury to fix the blame on the defendant or the plaintiff or on both.

■ Mrs. Krinke was not negligent as a matter of law. She was a guest. She was on the side away from the oncoming car, and there is nothing charging her with contributory negligence as a matter of law.

■ The court on the motion of the plaintiffs amended the two verdicts by taking from Mrs. Krinke's verdict the special damages which her husband should pay and adding them to the husband's verdict. Whether this was justified we do not consider. Related questions are discussed in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 9823, 9825, 9828-9829. The court in its order amending plaintiff Robert Krinke's verdict states that it was with the consent of the defendant. We are bound by the record. Whether the order on the amendment is appealable we do not consider. In any event it is assigned as error in the motions for a new trial. For the reason given, namely, that the defendant consented to the amendment, error cannot be alleged successfully.

Orders affirmed.