## LILLIAN GOLDEN v. HENRY GEYER.[1]

November 8, 1935.

No. 30,454.

*Cobb, Hoke, Benson, Krause & Faegre* and *Raymond A. Scallen,* for appellant.

*C. G. Dosland* and *L. T. Mahany,* for respondent.

HOLT, JUSTICE.

After verdict for wrongful death caused by defendant's negligence, he appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

The assignments of error in this court are: (1) That the verdict is not justified by the evidence; and (2) that the court erred in denying defendant's motion for a directed verdict. Insofar as the assignments of error and the argument go, it is not controverted that the evidence justified the jury in finding that defendant's negligence was the proximate cause of the death of plaintiff's decedent. So no reference need to be made to that subject. But the contention on this appeal is that the record discloses that negligence of the decedent contributed to his death.

[1]Reported in 263 N. W. 103.

This is a brief statement of what the jury could consider as the facts regarding the collision of the truck decedent was driving with defendant's truck. Defendant, a truck gardener living about ten miles south of Aitkin, left his home shortly after midnight September 13, 1933, with a truck loaded with vegetables for the market at Hibbing and other range cities. The rack of the truck was nearly eight feet wide. He stopped at Aitkin for gas and there delivered some produce, then proceeded north on paved trunk highway No. 2 until, at about 3:30 a. m., he came six miles north of Aitkin, when he concluded to stop a few minutes for a nap. He stopped on the pavement, as he deemed the east shoulder too soft for the·load. An auto came along and disturbed him, and he decided to go on, but found that the starter would not work. He then took out his crank, went to the front of the truck, stepped over the bumper with one foot, and proceeded to crank. In this position he says he heard the first one of the three motor vehicles, whose approaching headlights he had observed as he went to the front of his truck, coming at terrific speed, crashing into his truck, whirling it around and tipping it over so that the rear end of the rack was on the pavement and the front part in the east ditch, into which he also was pitched. From the evidence the jury could conclude that the truck was parked so as to leave only 13 feet of the 20-foot pavement to its left free for passing vehicles and that the rear lights were not lit. There was fog this night, especially where the highway passed through low places. Plaintiff's decedent was driving the large truck which collided with defendant's truck. That truck was loaded principally with empty beer barrels and was on its way from Moorhead to Duluth. It had two drivers, decedent and William Horn, who took turns at the wheel. Out from Aitkin decedent was driving, and Horn was sleeping at the time of collision. The front of decedent's truck struck the rear left corner of defendant's truck. The cab of the former was sheared off, as was also the van thereof. Horn was thrown into the ditch, the load of barrels into the road, and plaintiff's intestate was found dead on the pavement a little to the right of the center. Another truck barely escaped the same fate.

The contention is that since the law requires headlights so that objects in front may be discovered when the driver is 200 feet therefrom he must drive at such speed that he can stop before striking the objects so revealed. Therefore, if he drives into an object, he was negligent in not discovering it in time, or his speed was so excessive that he could not stop within the distance he found himself from the object when disclosed by the headlights. And if fog was encountered that interfered with vision, he was negligent in not going so slowly that objects could be discerned in time to stop before striking them. It is for the jury to determine whether fog or other conditions such as snow and rain so interfere with vision that it would be negligence for a driver to proceed upon a highway at all; and, if he does proceed under diminished visibility, what speed would constitute negligence. There was no eyewitness to the speed at which the decedent was driving or the way he controlled the truck after discovering the danger, except what defendant said he heard. Defendant's testimony was so impeached and so palpably unreliable that the jury could wholly reject it. Moreover, the presumption that decedent, who lost his life through defendant's negligence, was in the exercise of due care applies here. There are no facts or circumstances overcoming this presumption. On the contrary, the driver of a light laundry truck, the one that disturbed defendant's repose, barely escaped collision by a quick turn to the left. A truck that came up less than five minutes after decedent's did not discover the wreck until the debris thereof was encountered. And it took the combined efforts of the two men on that truck to stop a fourth northbound truck from running into danger. It is clear that this is not a case like that of Williams v. Jungbauer, 191 Minn. 16, 252 N. W. 658, defendant's only authority, where it was held that as a matter of law the testimony of eyewitnesses overcame the presumption of due care of the deceased.

The order is affirmed.

LORING, JUSTICE, took no part.