Driessen, Respondent, vs. Moder and another, Appellants.

*December 6, 1939—January 16, 1940.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell*.

*James R. Joyce* of Appleton, for the respondent.

FOWLER, J. The only question involved in this case is whether the evidence supports the jury's verdict. The defendants by motions for a directed verdict and by motion after verdict properly raised this question. We are thus required to state the evidence in some detail.

The case involves a collision between a bicycle ridden by the plaintiff and an automobile driven by the defendant Moder with the consent of the owner of the car, on which the defendant Insurance Company had issued its indemnity policy. The jury found the defendant Moder, who is hereinafter referred to as the "defendant," guilty of causative negligence as to speed, lookout, and control; found the plaintiff guilty of causative negligence as to control and lookout; and apportioned the negligence of the parties seventy per cent to the defendant and thirty per cent to the plaintiff. Judgment was entered on this verdict against the defendants under the comparative-negligence statute, sec. 331.045, for seventy per cent of the damages assessed by the jury.

The material facts are practically without dispute. The collision occurred on a city street when the plaintiff turned left across the path of the automobile. The automobile was proceeding south on its proper west side of the street. The bicycle was proceeding north at a speed of four or five miles per hour. The plaintiff when riding on his east half of the street near or at the center of the street turned across the path of the car between street intersections to go onto the sidewalk on the west side of the street and was struck by the left front of the car. The pavement at the point was thirty-six feet wide. It was dark at the time. Fine flakes of snow were falling. The plaintiff saw the car approaching, when,

as he thought, it was one hundred fifty feet away, and was coming at the rate of fifteen to twenty miles per hour. The defendant saw the bicycle when it was one hundred fifty to two hundred feet away. The defendant and two guests with him in the front seat of the car testified that the speed of the car was from fifteen to eighteen miles per hour, and there is no testimony to the contrary. This was a lawful speed under the existing statutory and ordinance regulations, which fixed the rate at not to exceed twenty miles per hour. The defendant applied his brakes immediately on the plaintiff's starting to turn into the defendants' lane of traffic. The evidence as to all these matters is without dispute. The plaintiff testified that the car was traveling with its headlights dark, while the defendant and his two guests testified that they were lit. But it is immaterial whether they were lit or dark because each party admittedly saw the other so timely that if they were dark this did not operate as a cause of the collision. The plaintiff testified that when he started his left turn the car was seventy-five feet away, while the defendant and his guests and another witness who was on the sidewalk near the point of collision testified that the vehicles were then only about twenty feet apart. This difference in the testimony is immaterial except as to the degree of plaintiff's negligence. It does not exempt him from negligence for by all the evidence the car was traveling about four times as fast as the bicycle. After seeing the car one hundred fifty feet away the plaintiff by his testimony looked for traffic coming from his rear and there was none. Thinking that he had time to cross ahead of the car he started to turn and did not again see the car until the front of his bicycle was over the west edge of the pavement. While plaintiff was traveling the eighteen feet across the west half of the pavement the car would travel seventy-two feet by plaintiff's own reckoning. The plaintiff would necessarily travel more than eighteen feet to clear the pavement as he did not make a direct left

turn and the rear of his bicycle would necessarily still be on the pavement when the front of his bicycle reached its west edge. In this situation the rule does not apply that one who reasonably concludes that he has ample time to cross ahead of an approaching vehicle may act upon that judgment without being chargeable with negligence. Only a conclusion reasonably reached can bring one under this rule. *DeBaker v. Austin, ante,* p. 39, 287 N. W. 720; *Geyer v. Milwaukee E. R. & L. Co.* 230 Wis. 347, 284 N. W. 1. The plaintiff manifestly did not exercise reasonable judgment in attempting to cross ahead of the car without again or more closely looking before invading its path. The plaintiff was thus not only guilty of causative negligence as the jury found, but he was guilty of a high degree of such negligence. As to the defendant, however, there is no evidence to support the jury's finding that he was negligent as to speed. If the jury might have thought that he might have avoided the collision by turning his car to the left and passing behind the bicycle, he was confronted with an emergency created by the plaintiff and no act of his contributed. He cannot be charged with negligence as to control merely because he did not do something else when by applying his brakes he took a course which on the spur of the moment to him seemed likely to avoid the impending collision. Nor do we perceive any basis for finding the defendant guilty of want of care as to lookout. He testified that he kept the bicycle in view from the time when he first saw it one hundred fifty to two hundred feet away. There is no evidence to the contrary, and there are no circumstances in evidence inconsistent with proper lookout. If the jury might be considered as having believed that the bicycle was seventy-five feet away, as plaintiff testified, when the plaintiff started his left turn, and that the defendant by adequate lookout would have noticed this as did the plaintiff, it would still be beyond reasonable controversy that the plaintiff's negligence was equal to or greater

than the negligence of the defendant, and that the comparative-negligence statute bars recovery.

*By the Court.*—The judgment of the municipal court is reversed, and the record is remanded with instructions to enter judgment dismissing the complaint.