BASILE, Administratrix, Respondent, vs. CITY OF MILWAU-
KEE and others, Appellants.

*January 15—February 25, 1947.*

For the appellants there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Sydney M. Eisenberg* and *Shaw, Muskat & Paulsen,* all of Milwaukee, and oral argument by *Mr. Martin R. Paulsen* and *Mr. Eisenberg.*

RECTOR, J. The appellants first contend that the trial court erred in overruling their motion for a directed verdict. This requires a consideration of the relevant facts.

The appellant Lillian Kaminski was a nurse in the employ of the city of Milwaukee. On the morning of the accident she was driving a city-owned automobile. She was proceeding south on South First street in the city of Milwaukee and stopped north of a red signal light at the intersection with West Greenfield avenue. A second automobile stopped immediately back of her. She depressed the clutch pedal, shifted into low gear, and when the light turned green removed her foot, intending to start. The clutch pedal remained flush with the floor board and the car remained motionless. The driver of the car immediately to the rear indicated impatience by blowing his horn, and without any request by Mrs. Kaminski, started pushing her car into the intersection. She testified that after the pushing began the car seemed to lurch forward under its own power, and after the accident the clutch was

found to be engaged. The car which had pushed her turned right and continued down West Greenfield avenue.

At the same time that Mrs. Kaminski had stopped for the light a Transport Company bus had stopped at the south side of the intersection facing north. It discharged passengers and when the light turned green the driver started the bus forward, turning west, or to his left, on West Greenfield avenue. The turn required the bus to cross Mrs. Kaminski's line of travel. The Transport Company was repairing the tracks at the intersection and a barricade had been erected at the point where the work was being done. The bus turned short, or south, of the barricade. The evidence is conflicting, but there is evidence that the bus was brought to a stop during the course of its left turn at a point even with the west projection of the barricade, that is, the bus at the time it stopped did not project beyond the barricade into that part of the street open for southbound traffic. There is other evidence that it did not obstruct the passage of such traffic. According to the driver, it was stopped for the purpose of permitting southbound traffic (which would include Mrs. Kaminski's car) to pass before it completed the turn.

Mrs. Kaminski testified that she did not see the bus until she was within a few feet of it. She testified, however, that it was not standing when she saw it, that it was moving in the course of a left turn, that she was fearful of a collision, and that in order to avoid it she veered to the right. The evidence is clear that she did veer to the right, that she crossed the intersection and ran her car over the curb on the southwest corner, pinning the deceased against a pole and fatally injuring him.

The appellants contend that the accident was caused by the pushing of Mrs. Kaminski's car, that as a result of that pushing she was confronted with an emergency, that as a result of the emergency she should not have been held to the same standard of care that would otherwise have obtained, and that as a matter

of law she met the standard that is required in the case of such an emergency. The emergency doctrine is of course well established. *Thorpe v. Clover Cream Dairy Co.* (1929) 198 Wis. 609, 225 N. W. 207; *Olson v. Hermansen* (1928), 196 Wis. 614, 220 N. W. 203; 5 Am. Jur., Automobiles, p. 600; *Driessen v. Moder* (1940), 233 Wis. 416, 289 N. W. 689.

There can be no doubt that the pushing of Mrs. Kaminski's car set in motion a chain of circumstances which caused the accident. It does not follow, however, that Mrs. Kaminski was thereby excused as a matter of law for her subsequent actions. As we have said, there is evidence, (1) that the bus was stopped prior to the time she approached it; (2) that there was room for her to pass by it; and (3) that she did not see it until she was almost upon it. From this the jury may well have inferred that her attention became focused upon the clutch pedal, that she was inattentive to traffic, that when she saw the bus she became startled, lost control of her car, and ran over the curb notwithstanding that she could have proceeded along the street in safety had she maintained a proper lookout and had she exercised proper care in the management and control of her car. Under such circumstances the court properly refused to grant the motion for a directed verdict. *Rusch v. Sentinel-News Co.* (1933) 212 Wis. 530, 250 N. W. 405; *Smith v. Pabst* (1940), 233 Wis. 489, 288 N. W. 780.

It is also argued that the award of $8,000 damages for pecuniary loss sustained by the widow was excessive. There was testimony that it was the habit of the deceased to give his pay check to the respondent and that she handled the family finances. For the twelve months' period ending February 16, 1943, the wages of the deceased were $1,831.54. Subsequent to that time there was one increase of six per cent and one of five per cent. Had the deceased lived for the following year, his annual wage, including the two raises, would have been approximately $2,033. He was sixty-six years old, a man of good health and temperate habits. The amount that he could

have earned and contributed to his family's support on the basis of his life expectancy and the value of services which he otherwise would have performed and of which the widow was deprived, constitute such a basis for the assessment as precludes this court from disturbing it under the applicable rules. *Wasicek v. M. Carpenter Baking Co.* (1923) 179 Wis. 274, 191 N. W. 503.

*By the Court.*—Judgment affirmed.