## ANNA BARRETT v. NASH FINCH COMPANY AND ANOTHER.[1]

March 25, 1949.

No. 34,872.

[1]Reported in 36 N. W. (2d) 526.

*Atwood & Quinlivan* and *C. E. Warner,* for appellants.

*G. P. Mahoney, John S. Morrison,* and *Harry E. Burns,* for respondent.

PETERSON, JUSTICE.

Plaintiff recovered a verdict in a wrongful-death action, and defendants appeal.

The appeal presents two questions for decision: (1) Whether the driver of an automobile, who in violation of statute turned from an intersecting highway onto the lane on his left side of the road adjacent to a raised concrete island of a four-lane highway having two lanes on each side of the island, was guilty of contributory negligence as a matter of law because of his violation of the statute, where because of mechanical difficulties his car stopped and its lights went out, but the place where it stopped was well lighted, and, while he was attempting to push his car backward with the left car door open to get it off the highway, the defendant operator of the defendant owner's autotruck approaching in the right lane on his side of the road with ample room to pass saw the standing car when he was about 150 feet away while he was approaching it at from 20 to 25 miles per hour, at which rate of speed he could have stopped within a distance of about 30 feet, but failed to do so, and collided with the standing car; and (2) whether under the circumstances stated in the foregoing question a fact issue was raised as to whether the driver of the automobile which stopped on the wrong

side of the road was guilty of contributory negligence because of violation of statute consisting of failure to have his lights on.

The collision occurred about midnight on highway No. 52 just west of its intersection with Twenty-third avenue, a mile inside the western boundary of St. Cloud. Highway No. 52 extends in a general east-west direction. At the place in question it has two paved lanes with a tarviated shoulder on each side separated by a raised concrete island down the middle. The lanes on the north side of the island are for westbound traffic, and those on the south side thereof for eastbound traffic. Twenty-third avenue intersects highway No. 52. The area there is well lighted. Decedent, Barrett, drove his automobile north on Twenty-third avenue and turned west onto highway No. 52 into the eastbound lane on his left side of the road adjacent to the island. When he barely got over the intersection line, his car stopped, with its front facing northwesterly (to Barrett's right) at an angle to the island, and its lights went out. He then got out, and, with the left front door open, he attempted with assistance from Anthony Herges, his passenger, to push his car backward to get it off the pavement. There was evidence showing that Barrett had drunk considerable intoxicating liquor immediately prior to the accident. His alleged intoxication was an important part of the defense.

Defendant Ellsworth Pallies, driving the autotruck of defendant Nash Finch Company, approached from the west on his right side of the road in the paved south half of the eastbound lane. When Pallies was about 150 feet away from the Barrett car, he saw that it was standing on the pavement with the door open. He could see Barrett through the window of the open door. Pallies was then going about 20 to 25 miles per hour and could have stopped within a distance of about 30 feet. He testified that because the front left door of the Barrett car was open and he could see Barrett's head through the door window he thought Barrett was about to make a left turn across his path. He had ample room to pass the Barrett car by proceeding in the lane he was then in or by turning onto the tarviated shoulder, but instead he continued to approach, first

swinging slightly to the left and then to the right, and, when it was too late to avoid a collision, applied his brakes. The autotruck hit the front left fender of the Barrett car. As a consequence, Barrett sustained injuries from which he died.

The trial judge submitted to the jury the questions whether Pallies was guilty of negligence and whether Barrett was guilty of contributory negligence, not only because of his failure to exercise due care for his own safety, but also because of his violation of statute in driving an automobile while intoxicated. At the conclusion of the charge, defendants suggested that a further charge should be given to the effect that Barrett was guilty of contributory negligence because of his alleged violation of statute by failing to have his lights on. The court refused so to charge. On the appeal, defendants contend (1) that Barrett's contributory negligence in stopping his car on the wrong side of the road in violation of statute appears as a matter of law; and (2) that Barrett's contributory negligence for failure to have his lights on in violation of statute was a fact issue which should have been submitted to the jury, but was not.

■ It is elementary that it is for the legislature to determine what the consequences of a violation of statute shall be, and whether in a given case the violation shall constitute a nuisance or negligence (Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. [2d] 553; Hanson v. Hall, 202 Minn. 381, 279 N. W. 227), or a ground for the recovery of a penalty (Mayes v. Byers, 214 Minn. 54, 7 N. W. [2d] 403, 144 A. S. R. 821). The provision of M. S. A. 169.96 that a violation of the highway traffic regulation act "shall not be negligence per se but shall be prima facie evidence of negligence only" evinces a legislative intention that negligence shall be the ground of recovery for acts which the statute declares unlawful and that a violation of the act shall be only prima facie evidence of negligence. Flaherty v. G. N. Ry. Co. *supra*. As said in Dart v. Pure Oil Co. 223 Minn. 526, 533, 27 N. W. (2d) 555, 559, 171 A. L. R. 885, quoting from Osborne v. McMasters, 40 Minn. 103, 105, 41 N. W. 543, 12 A. S. R. 698:

"* * * Negligence is the breach of legal duty. It is immaterial whether the duty is one imposed by the rule of common law requiring the exercise of ordinary care not to injure another, or is imposed by a statute designed for the protection of others. * * * The only difference is that in the one case the measure of legal duty is to be determined upon common-law principles, while in the other the statute fixes it, * * *. All that the statute does is to establish a fixed standard by which the fact of negligence may be determined."

The statute considered in the Osborne case contained no provision similar to the one quoted *supra* from § 169.96, to the effect that a violation thereof shall constitute only *prima facie* evidence of negligence, and for that reason it was held in the Osborne case that the violation of the statute there considered was negligence *per se.*

■ It logically follows that, in order to constitute actionable negligence or contributory negligence as a defense, the violation of statute upon which the claim of negligence is predicated must, the same as negligence independent of statute, be the proximate cause of the harm for which recovery is sought. Olson v. Hector Const. Co. Inc. 216 Minn. 432, 13 N. W. (2d) 35; Erickson v. Morrow, 206 Minn. 58, 287 N. W. 628; Krinke v. Gramer, 187 Minn. 595, 246 N. W. 376; Harrsch v. Breilien, 181 Minn. 400, 232 N. W. 710. If Barrett's alleged violations of statute were not the proximate cause of the collision causing his death, they are of no consequence.

■ Under § 169.18, subd. 1, it was Barrett's duty to keep on his right side of the road. His violation of that duty was prima facie evidence of negligence. § 169.96. But, under the circumstances here, the violation of the statute was not, as a matter of law, the proximate cause of the collision. Where the driver of an automobile plainly sees another automobile upon the highway in time to avoid a collision and negligently fails to do so, the driver's negligence is an intervening, efficient, and the proximate cause of the collision, insulating the prior negligence of the driver of the automobile with which he collided and reducing it to a mere occasion or condition. Seward v. Minneapolis St. Ry. Co. 222 Minn. 454, 25 N. W. (2d)

221; Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788. Here, Barrett's position on the road resulting from his violation of the statute in driving on the wrong side thereof was plainly visible to Pallies and known by him at a time when he had ample opportunity to avoid the collision by either stopping, proceeding along his course on his side of the road, or turning out onto the tarviated shoulder on his right. All this occurred in point of time subsequent to Barrett's violation of the statute and when it ceased to be operative as a factor in causing the collision which occurred. Consequently, Barrett's violation of the statute requiring him to keep on his right side of the road was not the proximate cause of the collision.

■ For the same reasons, Barrett's failure to have his lights on was not the proximate cause of the collision. We shall assume for purposes of decision, without discussing or deciding the question, that even though Barrett's car was disabled it was his duty under the circumstances, both under the statute and independent of it, to have his lights on. See, § 169.53; Scheppmann v. Swennes, 172 Minn. 493, 215 N. W. 861. Lights on automobiles serve various purposes. The purpose of headlights is to enable the driver to see objects and persons on the highway, to see where he is going, and to make his car visible to others so all can govern themselves accordingly. Golden v. Geyer, 195 Minn. 354, 263 N. W. 103. Other lights serve to make an automobile visible to other travelers for their protection. Shockman v. Union Transfer Co. 220 Minn. 334, 19 N. W. (2d) 812; Smith v. Carlson, 209 Minn. 268, 296 N. W. 132. The absence of lights here made no difference. Because Barrett was not proceeding forward with his car and because the place where it stopped was well lighted, he had no need for headlights. Because Pallies plainly saw the Barrett car, he had no need of light for the purpose of enabling him to see it. The rule is well settled to the effect that, where the driver of an automobile plainly sees an unlighted automobile standing on the highway at night in time to stop and to avoid a collision and there are no distracting circumstances, the failure to have lights on the standing automobile is not the proximate cause of the collision caused by the negligence of the driver

of the approaching car in failing to avoid it. Frochter v. Arenholz, 242 Ill. App. 93; Eldredge v. Sargent, 150 Kan. 824, 96 P. (2d) 870; Alengi v. Hartford Acc. & Ind. Co. (La. App.) 167 So. 130; Johnston v. Worley, 3 La. App. 675; Cothran v. Benjamin Cleene-werck & Son, 235 Mich. 351, 209 N. W. 132; Hanser v. Youngs, 212 Mich. 508, 180 N. W. 409; Driessen v. Moder, 233 Wis. 416, 289 N. W. 689; 4 Blashfield, Cyc. of Auto. Law and Practice (Perm. ed.) §§ 2632, 2643.

Pallies' testimony that he thought Barrett was about to make a left turn across his (Pallies') path is without factual basis, for the reason that, when Pallies saw Barrett's car, it was standing still facing the island at an angle to Barrett's right with the left front door open. The fact that the left front door was open and that Pallies saw Barrett's head through the window of the open door was no ground for belief that Barrett would not only turn the car to the left but also proceed across Pallies' path. The case of Driessen v. Moder, *supra*, involved a similar situation. There plaintiff, a bicyclist, actually cut across the path of defendant's car, which he saw approaching when it was about 150 feet away at a speed of from 15 to 20 miles per hour without lights on after dark, and defendant saw plaintiff when he was from 150 to 200 feet away. The court said (233 Wis. 418, 289 N. W. 690):

"* * * The plaintiff testified that the car was traveling with its headlights dark, while the defendant and his two guests testified that they were lit. But it is immaterial whether they were lit or dark because each party admittedly saw the other so timely that if they were dark this did not operate as a cause of the collision."

The rule is limited to cases where a car without lights is or can be plainly seen in time to stop and to avoid a collision with it, and has no application to a situation where the location, direction, speed, and progress of the car without lights cannot be plainly seen, but might have been if it had had lights (Shockman v. Union Transfer Co. 220 Minn. 334, 19 N. W. [2d] 812, *supra); where at-mospheric conditions such as a heavy snowstorm obscure the driver's

view of a car standing on the traveled portion of the highway (Henry v. Hallquist, 226 Minn. 39, 31 N. W. [2d] 641) ; or where the driver is misled by blinding lights on a car standing on the left shoulder after it has cut across from its right side of the road (Rue v. Wendland, 226 Minn. 449, 33 N. W. [2d] 593). Such cases are not in point here, for the obvious reason that, by reason of the absence of lights or because of atmospheric conditions, view of the cars there collided with was obscured, whereas here it (Barrett's car) was not only plainly visible, but actually seen, and the driver of the offending car (Pallies) could have avoided the collision by the exercise of due care.

Our conclusion is that Barrett's violations of the highway traffic regulation act were not the proximate cause of the collision which caused his death; that the jury in reaching its verdict correctly applied the rule insofar as it concerned his violation of the statute relative to keeping on the right side of the road; and that the trial court correctly refused to charge concerning his violation consisting of failure to have lights on.

Affirmed.

FRANK T. GALLAGHER, JUSTICE (dissenting).

I cannot agree with the majority under the facts and circumstances of this case that the negligence of the driver of defendant's truck was such an intervening, efficient, and proximate cause of the collision as to insulate the prior negligence of plaintiff's intestate and reduce it to a mere occasion or condition. It appears to me that, while decedent's negligence might not have been the sole proximate cause of the collision, it was such a contributing cause as to make him guilty of negligence as a matter of law.