**STATE of Minnesota, Respondent,**

v.

**Christopher Lorance PETERSON, Appellant.**

**No. C9–90–1617.**

Court of Appeals of Minnesota.

Dec. 4, 1990.

---

Kenneth L. Hamrum, Morris, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Charles C. Glasrud, Morris City Atty., Morris, for respondent.

Considered and decided by SHORT, P.J., and LANSING and GARDEBRING, JJ.

## OPINION

LANSING, Judge.

## FACTS

While having his demolition derby car towed to the county fair, Christopher Peterson was ticketed for driving an unsafe vehicle in violation of Minn.Stat. § 169.47. Because the car had been prepared for a demolition derby, it had no windshield, headlights, brake lights, tail lights, or turn signals. Peterson sat in the driver's seat while a commercially licensed tow truck pulled the car on a chain. All four wheels were on the road, and Peterson controlled the steering and braking of the car. The car engine was not running.

Peterson was convicted of the misdemeanor violation, fined $20 and assessed $10 in fees. The court suspended the $20 fine on the condition that Peterson not violate section 169.47 for one year. Peterson appeals.

## ISSUE

1. Did the court err in determining that Peterson was "driving" for purposes of applying Minn.Stat. § 169.47?

2. Did the court err in convicting Peterson for acts he committed under the direction of a licensed tow truck operator?

## ANALYSIS

### I

It is significant to our analysis that this was not a typical towing situation in which the car is elevated at an angle by the tow truck so that only two of the car's wheels have contact with the ground. Instead, Peterson's car was towed on a chain directly behind the tow truck with all four wheels on the road. This towing arrangement required Peterson to steer the car to keep it straight behind the tow truck and to apply the brakes to stop or slow the car when the tow truck stopped or decelerated.

Minn.Stat. § 169.47 provides that it is unlawful

*to drive or for the owner to cause or knowingly permit to be driven* on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this chapter * * *.

Minn.Stat. § 169.47, subd. 1 (Supp.1989) (emphasis added).

Chapter 169 does not define "drive" or "driving." The commonly accepted mean-

ing of "drive" is "to operate the mechanism and controls and direct the course of (as a vehicle)." *Webster's Ninth New Collegiate Dictionary* (1983). The Minnesota Supreme Court has applied that definition, saying:

> Driving and operating ordinarily refer, we think, to manipulation of the motor vehicle's mechanical features to control the vehicle's movement.

*West Bend Mut. Ins. Co. v. Milwaukee Mut. Ins. Co.*, 384 N.W.2d 877, 879 (Minn. 1986).

Peterson's demolition derby car was a vehicle being "transported or drawn upon a highway." *See* Minn.Stat. § 169.01, subd. 2. Peterson could turn the steering wheel to direct the course of the vehicle and could apply the brakes to control speed. He also was able to shift the gears and operate the parking brake. We conclude that Peterson was driving for purposes of applying section 169.47.

This conclusion is supported by legal commentary and Minnesota case law interpreting other sections of Chapter 169. Discussing section 169.13 (reckless driving), the authors of *Minnesota Misdemeanors & Moving Traffic Violations* explain:

> The statute does not resolve the question of whether the driving must occur while the vehicle is moving by its own force, and one could commit reckless driving while coasting down a hill with the engine off or while being towed by another vehicle.

M. Costello, R. Frase & S. Simon, *Minnesota Misdemeanors & Moving Traffic Violations* 607–08 (2d ed. 1990). In *Dept. of Pub. Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981), the court held that a driver seated behind the steering wheel, with the key in the ignition, was "in physical control" of the vehicle while under the influence of alcohol. *See* Minn.Stat. § 169.121. The court noted that in other jurisdictions, defendants have been found guilty of "driving a motor vehicle" under similar circumstances. *Juncewski*, 308 N.W.2d at 320 (citing *State v. Cannon*, 56 Haw. 161, 532 P.2d 391 (1975); *State v. Brown*, 5 Or.App. 412, 485 P.2d 444 (1971)).

Policy considerations also support the conclusion that Peterson's actions constitute driving. Section 169.47 is designed to keep unsafe and dangerous vehicles off the road. Peterson's vehicle and the method by which it was being transported were inherently unsafe. As the trial court explained:

> [S]imply because there is a second driver who must respond in tandem to the lead vehicle's driver's responses, the possibility of an accident is greater than that in other towing situations.

Peterson's car lacked essential equipment —headlights, tail lights, brake lights, and turn signals. The absence of this equipment presented a hazard to approaching automobiles, especially at night. *See Barrett v. Nash Finch Co.*, 228 Minn. 156, 161, 36 N.W.2d 526, 529 (1949).

Finally, we note that it may be possible to use the definition of "driver" contained in Chapter 169 to define "driving." Minn. Stat. § 169.01, subd. 25 classifies "every person who drives or is in actual physical control of a vehicle" as a driver. From this definition it could be concluded, as the trial court did, that driving means to drive *or* to be in actual physical control. Because we conclude that Peterson was driving, we do not consider whether, in the alternative, he was in actual physical control.

## II

Peterson contends that because he followed the tow truck driver's instructions, he cannot be found guilty under section 169.47. We do not agree. Specific intent is not an element of the offense of driving a vehicle in an unsafe condition. *See State v. Johnson*, 358 N.W.2d 127 (Minn.App.1984) (discussing careless driving). Peterson's general intent to take actions which constituted physical control of the unsafe car satisfies the intent requirement of Minn.Stat. § 169.47. His lack of criminal intent and reliance on the tow truck driver's instructions are not a defense. *See e.g., United States v. Anderson*, 879 F.2d 369 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989) (defense of good faith

reliance on expert advice is used only to refute the allegation that defendant intended to commit the crime); *People v. Mendro*, 731 P.2d 704 (Colo.1987) (good faith reliance on accountant's advice did not preclude defendant's conviction for theft).

## DECISION

Because Peterson was operating the controls of his vehicle and directing its course, he was driving for purposes of applying Minn.Stat. § 169.47. His reliance on the tow truck operator's instructions does not constitute a defense.

Affirmed.